UNITED STATES of America, Appellee,

v.

Glenn Arthur McCLINTIC, Jr., Appellant.

No. 79–1289.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 10, 1979.

Decided Oct. 9, 1979.

Michael H. Irvine, Irvine & Currell, Cedar Rapids, Iowa, for appellant.

James H. Reynolds, U. S. Atty., Cedar Rapids, Iowa, for appellee.

Before LAY, STEPHENSON and McMILLIAN, Circuit Judges.

PER CURIAM.

Appellant Glenn Arthur McClintic, Jr. appeals from an order of the district court[1] vacating one count of his conviction for receipt of stolen goods and amending his sentence accordingly. We affirm.

McClintic was convicted by a jury on five of six counts of an indictment on January 15, 1977. The trial court sentenced McClintic on February 8, 1977, in part as follows:

The defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of five (5) years on Count I and ten (10) years on Count II. Sentence on Count II to run concurrently with sentence on Count I. IT IS ADJUDGED that defendant is sentenced to imprisonment for ten (10) years on Count III. Sentence on Count III to run consecutively to sentences on Counts I and II. IT IS FURTHER ADJUDGED that the defendant is sentenced to imprisonment for a term of ten (10) years on Count IV and ten (10) years on Count V. Sentences on Counts IV and V to run concurrently with sentences on Counts I, II and III.

McClintic's conviction was affirmed on January 13, 1978, on appeal. *United States v. McClintic,* 570 F.2d 685 (8th Cir. 1978).

On November 7, 1978, McClintic filed a motion attacking sentence and for correc-

1. The Honorable Edward J. McManus, Chief Judge, United States District Court for the Northern District of Iowa.

tion of sentence under 28 U.S.C. § 2255 or, in the alternative, under Rule 35.[2] Counts II and III of the indictment had alleged nearly identical violations of 18 U.S.C. § 2315, occurring at the same time and place and differing only in the specific items of stolen property received. McClintic contended that the violations set forth in Counts II and III constituted only one receipt of stolen property and, therefore, that the government had exceeded the allowable unit of prosecution for that offense.

The trial court, in its order dated February 27, 1979, found that the permissible unit of prosecution had been exceeded and vacated Count II and amended McClintic's sentence as follows:

The defendant is hereby committed to the custody of the Attorney General or his authorized representative for a period of five (5) years on Count I. IT IS ADJUDGED that defendant is sentenced to imprisonment for ten (10) years on Count III. Said sentence on Count III to run consecutively to the sentence on Count I. IT IS FURTHER ADJUDGED that defendant is sentenced to imprisonment for a term of ten (10) years on Count IV and ten (10) years on Count V. Sentence on Counts IV and V to run concurrently with sentence on Counts I and III.

As a result, McClintic's sentence was reduced from a total of twenty years to a total of fifteen years. McClintic has appealed the order of February 27, 1979, on the ground that it is improper because he was not present at a resentencing as required by Rule 43 of the Federal Rules of Criminal Procedure.

We reject McClintic's argument. Rule 43 requires the presence of the defendant where the sentence is made more onerous, *Mayfield v. United States,* 504 F.2d 888 (10th Cir. 1974); *Caille v. United States,* 487 F.2d 614 (5th Cir. 1973), or where the entire sentence is set aside and the cause remanded for resentencing, *Williamson v. United States,* 265 F.2d 236 (5th Cir. 1959).[3] Neither of those conditions fits the situation here. Rule 43 states: ". . . (c) Presence Not Required. A defendant need not be present in the following situations: . . . (4) At a reduction of sentence under Rule 35. . . ."

■ Here, McClintic's sentence was reduced from twenty years to fifteen years by the vacation of Count II. McClintic himself concedes that a court can vacate a particular count of an indictment without the defendant's presence. *See United States v. Lodwick,* 410 F.2d 1202 (8th Cir.), *cert. denied,* 396 U.S. 841, 90 S.Ct. 105, 24 L.Ed.2d 92 (1969). Therefore, McClintic's presence

**2.** 28 U.S.C. § 2255 reads in part:
A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
Fed.R.Crim.P. 35 reads:
The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having

the effect of upholding, a judgment of conviction. The court may also reduce a sentence upon revocation of probation as provided by law.

**3.** *Williamson* and other cases involving the Federal Bank Robbery Statute, 18 U.S.C. § 2113, may be distinguished in light of *Prince v. United States,* 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957), where the Supreme Court held that "pyramiding" of penalties under different counts based on separate subsections of § 2113 contravened legislative intent and found that resentencing was the proper procedure to rectify the original sentence. The rationale for requiring resentencing in the defendant's presence was that "the *cumulation* of sentences, *the sentencing in its entirety* . . . was 'illegal.'" *United States v. Corson,* 449 F.2d 544, 551 (3d Cir. 1971). Resentencing was required even where the sentence involved only concurrent terms. *Evans v. United States,* 386 F.Supp. 812 (E.D.Pa.1974), *aff'd without published opinion,* 547 F.2d 1159 (3rd Cir. 1977).

was not required for the reduction of his sentence.

 McClintic also urges that a remand for resentencing is required because the original order as well as the amended order are vague, ambiguous and uncertain in regard to Counts IV and V. Sentences must "reveal with fair certainty the intent of the court . . . ." *Aga v. United States,* 312 F.2d 637, 639 (8th Cir. 1963), *citing United States v. Daugherty,* 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309 (1926). There is no doubt here, however, that the reduced sentence revealed the intent of the sentencing judge, because the same judge wrote both orders. Further, as the trial court pointed out in its order of February 27, 1979, denying McClintic's claim of ambiguity and vagueness on those counts, the presumption is that these sentences would run concurrently. *Schultz v. United States,* 384 F.2d 374 (5th Cir. 1967). The reduced sentence is both actually and presumptively clear and definite.

The sentence as imposed by the trial court on February 27, 1979, was correct and not vague and ambiguous; and the presence of McClintic was not required for its proper entry and execution. The order entered on February 27, 1979, is hereby affirmed.