UNITED STATES of America, Appellee,

v.

Raymond Lee RUST, Appellant.

No. 81–1017.

United States Court of Appeals,
Eighth Circuit.

Submitted May 20, 1981.

Decided June 9, 1981.

Rehearing Denied July 6, 1981.

J. Whitfield Moody, U. S. Atty., Michael A. Jones, Asst. U. S. Atty., Springfield, Mo., for appellee.

John Edward Cash, Bunch, O'Sullivan, Sandifar & Hill, Kansas City, Mo., for appellant.

Before HEANEY, BRIGHT and McMILLIAN, Circuit Judges.

PER CURIAM.

Appellant Raymond Lee Rust was charged in a two-count indictment with attempting to enter a bank insured by the Federal Deposit Insurance Corporation with intent to commit larceny and with entering the same bank for the same purpose, both in violation of the Bank Robbery Act, 18 U.S.C. §§ 2 & 2113(a). Rust waived his right to a jury trial and was convicted by the district court on both counts. On appeal, Rust argues that the court erred in refusing to suppress certain physical evidence seized after his arrest and in entering

judgments of conviction and imposing sentence on both counts of the indictment. We remand with directions to the district court.

## I

Rust claims that there was no probable cause for his arrest and, therefore, the evidence seized incident to the arrest, without a warrant, should have been suppressed by the district court. The facts, as stipulated, are that the Mindenmines, Missouri, town marshal received a telephone call at about midnight on Sunday, August 3, 1980. The caller informed the marshal that he had just seen two men with flashlights inside the Bank of Minden. The marshal drove to the bank and discovered that the lock cylinder in the bank's front door had been twisted loose. He walked around to an alley between the bank and a mobile home which was used as an office, and saw Rust seated on the front porch of the mobile home and another man walking back and forth near the porch. When the marshal approached, the two men fled in different directions. As Rust ran, the marshal saw that he was wearing gloves and a full-face ski mask. The marshal ordered Rust to stop and, when he continued to run, he fired a warning shot from his shotgun. After again ordering him to stop, the marshal fired a second shot at Rust. Although he was not struck by the shotgun blast, Rust tripped and fell. The marshal apprehended Rust and searched him, finding a set of lock-picking tools in his pocket and a walkie-talkie in a harness around his body.

■ There can be no doubt that the above circumstances provided the marshal with probable cause to arrest Rust. Accordingly, the trial court did not err in refusing to suppress the evidence obtained incident to the arrest.

## II

At the conclusion of Rust's trial, the district court found him guilty as charged on both counts of the indictment. At the sentencing hearing, the court first announced that he would sentence Rust to ten years imprisonment on Count I (attempted entry) and five years on Count II (entry), the sentences to run consecutively. Upon being informed by the Assistant United States Attorney that the consecutive sentences "may be in conflict," the court sentenced Rust to fifteen years on each count, the sentences to run concurrent with each other. Rust contends that the trial court erred by entering judgments of conviction and imposing sentences on both counts. We agree.

■ It is clear that a defendant may be charged with committing a completed offense and with attempting to commit the same offense, and those charges may be submitted to the trier of fact if evidence supports both offenses. It is also clear, however, that a defendant may not be convicted of both the attempt and the completed crime, because all the elements of the attempt are included in the completed offense and a dual conviction would amount to double jeopardy. See O'Clair v. United States, 470 F.2d 1199 (1st Cir. 1972), cert. denied, 412 U.S. 921, 93 S.Ct. 2741, 37 L.Ed.2d 148 (1973). Moreover, it has been held that the Bank Robbery Act permits only one conviction for a single illegal act. See id.; Wright v. United States, 519 F.2d 13 (7th Cir.), cert. denied, 423 U.S. 932, 96 S.Ct. 285, 46 L.Ed.2d 262 (1975). Consequently, the district court erred in entering judgments of conviction against Rust on both counts of the indictment.

■ Rust asks this Court to vacate the judgment on Count I and direct the district court to sentence him to the original sentence imposed on Count II—five years imprisonment. While we agree that one of the convictions must be vacated, we do not agree that we must limit the district court's options as Rust proposes. In our view, the district judge did not abuse his discretion in imposing a fifteen-year sentence on a single count, despite his initial decision to sentence Rust to a total of fifteen years on the two counts.

■ The cause is remanded to the district court with directions to vacate the judgment of conviction on one of the two

counts. The judgment of conviction and sentence on the remaining count is affirmed.