Garfield WELLS, Appellant,

v.

UNITED STATES, Appellee.

No. 82–1671.

District of Columbia Court of Appeals.

Submitted Nov. 9, 1983.
Decided Dec. 19, 1983.

Alan B. Soschin, Washington, D.C., appointed by this court, for appellant.

Michael W. Farrell, Asst. U.S. Atty., Washington, D.C., with whom Stanley S. Harris, U.S. Atty., Washington, D.C., at the time the brief was filed, and Daniel S. Seikaly, Asst. U.S. Atty., Washington, D.C., were on brief, for appellee.

Before FERREN and PRYOR, Associate Judges, and REILLY, Chief Judge, Retired.

PER CURIAM:

This is an appeal from an order of the Superior Court correcting a sentence imposed. We affirm the trial court's order.

In 1978, appellant was convicted of three counts of felony murder, D.C.Code § 22–2401 (1981), two counts of assault with intent to kill, *id.*, § 22–501 (1981), and one count of arson, *id.*, § 22–401 (1981). The trial court sentenced appellant to consecutive terms of twenty years to life imprisonment for each felony murder count and three to ten years' imprisonment for each remaining count.

This is the third occasion that this case has come before us. In considering the original appeal, this court noted that the convictions were based on evidence that appellant retaliated against a woman with whom he had quarreled by splashing gasoline and igniting it near the door of her apartment. The intended victim escaped, but other tenants died in the ensuing conflagration. The case was remanded to the trial court to conduct hearings on two procedural issues unrelated to this proceeding. *Wells v. United States,* 407 A.2d 1081 (D.C. 1979). After reviewing the findings of the trial court, challenged on a second appeal, this court affirmed the convictions in a memorandum opinion, *Wells v. United States,* No. 80–1202 (D.C. March 25, 1982).

A few months later, appellant filed a "Motion to Vacate the Previously Imposed Sentences, Set Aside the Arson Conviction and Resentencing and Other Relief" pursuant to Superior Court Criminal Rule 35 on the ground that he should not have been sentenced for arson, the underlying crime on which the felony murder conviction was predicated, because this offense had been merged as an element of the homicide for which he was convicted. *Whalen v. United States,* 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980). The trial court conducted an oral hearing at which appellant's counsel, but not appellant himself, was present. This resulted in a corrective order vacating the sentence for arson, but reimposing the original sentences on the other counts. Thus, appellant's term of imprisonment was reduced from a total of 69 to a total of 66 years.

Appellant now contends that he was improperly denied his right to address the judge personally at this post-conviction proceeding to correct sentence. He urges this court to vacate the December 7 sentence and remand the case for resentencing before a different judge.

■ The law is clear that a defendant must be present in person at the time sentence is originally imposed and that he must be afforded the right of allocution. Super. Ct.Crim.R. 32(c); [1] *Butler v. United States,* 388 A.2d 883, 885 (D.C.1978). Appellant

---

1. Super.Ct.Crim.R. 32(c)(1) provides:
   (1) *Allocution.* Before pronouncing sentence the Court shall afford counsel an opportunity to speak on behalf of the defendant and shall address the defendant personally and ask him if he wishes to make a statement in his own behalf and present any information in mitigation of punishment. The prosecutor shall have an equivalent opportunity to speak to the Court.

asserts that the December 7 hearing was a resentencing or a *de novo* sentencing proceeding, thus triggering the procedural requirements of Rule 32. But, as appellant must have recognized by the caption he put on his motion, he was seeking relief under an entirely different rule—the one which governs motions for a correction of an illegal sentence, *viz.* Super.Ct.Crim.R. 35.[2]

█ Rule 35(a) is limited by its terms to the correction or reduction of sentence and no opportunity for allocution is required in this situation. Super.Ct.Crim.R. 43.[3] The counterpart of this rule, Fed.R.Crim.P. 43, has been so construed in three different circuits. *United States v. Connolly,* 618 F.2d 553 (9th Cir.1980); *United States v. McClintic,* 606 F.2d 827 (8th Cir.1979);

*United States v. McCray,* 468 F.2d 446 (10th Cir.1972).

█ In our opinion, these decisions reflect the intent of the applicable rules. Accordingly, the court in correcting the original sentence was under no duty to ask appellant personally if he cared to make a statement in his own behalf.

*Affirmed.*

---

**2.** Subsection (a) of Rule 35 provides:

*Correction of Sentence.* The Court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

**3.** Super.Ct.Crim.R. 43(c) provides:

*Presence not required.* A defendant need not be present in the following situations:

(1) A corporation may appear by counsel for all purposes.

(2) In prosecutions for offenses punishable by a fine or by imprisonment for not more than 1 year or both, the Court, with the written consent of the defendant, may permit arraignment, plea, trial, and imposition of sentence in the defendant's absence.

(3) At a conference or argument upon a question of law.

(4) *At a reduction of sentence under Rule 35.* (Amended, Nov. 16, 1976) (emphasis added.)