**Raymond Lee RUST, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 83–2051.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 6, 1984.

Decided Jan. 16, 1984.

Robert G. Ulrich, U.S. Atty., Michael A. Jones, Asst. U.S. Atty., Springfield, Mo., for appellee.

Martin M. Meyers, Kansas City, Mo., for appellant, Raymond Lee Rust.

Before HEANEY and ARNOLD, Circuit Judges, and HENLEY, Senior Circuit Judge.

PER CURIAM.

Appellant Raymond Lee Rust appeals an order of the district court denying his motion to vacate, set aside, or correct his sentence. 28 U.S.C. § 2255. For the reasons set forth below, we affirm.

Rust was convicted of attempting to enter a bank insured by the Federal Deposit Insurance Corporation with intent to commit larceny, and entering the same bank for the same purpose under 18 U.S.C. §§ 2 & 2113(a). At sentencing, the court declared its intention to sentence Rust to ten years imprisonment on the attempted entry count and five years imprisonment on the entry count, with sentences to run consecutively. The Assistant United States Attorney suggested to the court that consecutive sentences for the two counts "may be in conflict with each other." The court responded by stating:

It is my intention to sentence him to 15 years, so I will change that sentence from ten years on Count I to 15 years, and I also sentence him to 15 years on Count II to be served concurrently with the sentence on Count I.

Rust appealed to this Court, arguing that the district court erred in entering judgments of conviction on both counts.[1] We agreed, remanding to the district court to vacate one of the convictions. *United States v. Rust*, 650 F.2d 927, 928 (8th Cir. 1981).

On remand, the district court, by written order without the physical presence of Rust, vacated the judgment and sentence on the entry count, leaving Rust to serve the fifteen-year sentence on the attempt count. Nearly two years later, Rust filed a motion to vacate, set aside, or correct his sentence. He contended that he must be resentenced by the court, and had a right to be present

---

1. Rust also argued that there was no probable cause for his arrest, and that the district court erred in refusing to suppress the evidence obtained incident to the arrest. We affirmed the district court on this issue. *United States v. Rust*, 650 F.2d 927, 928 (8th Cir.1981).

at the resentencing proceeding. The district court denied his motion, and Rust now brings this appeal.

■ Rust contends that he must be resentenced by the trial court because the original sentence on the attempt count in effect punishes him for the two offenses, rendering this sentence illegal and ambiguous. In practical terms, Rust is seeking a result he sought before this Court in his prior appeal, where we noted:

> Rust asks this Court to vacate the judgment on Count I and direct the district court to sentence him to the original sentence imposed on Count II—five years imprisonment. While we agree that one of the convictions must be vacated, we do not agree that we must limit the district court's options as Rust proposes. In our view, the district judge did not abuse his discretion in imposing a fifteen-year sentence on a single count, despite his initial decision to sentence Rust to a total of fifteen years on the two counts.

*United States v. Rust, supra,* 650 F.2d at 928.

We think it is clear that the trial court was not required to resentence Rust on remand, but only to vacate one of the judgments and sentences as it saw fit. We found nothing illegal, ambiguous, or improper about leaving the single fifteen-year sentence on the attempt count. The court's intention to sentence Rust for fifteen years was clear and within its discretion.

■ Since the district court did not need to resentence Rust, his presence was not required. Under Fed.R.Crim.P. 43, a defendant must be present only where the sentence is made more onerous, or the entire sentence is set aside and the cause remanded for resentencing. *United States v. McClintic,* 606 F.2d 827, 828 (8th Cir. 1979).

For these reasons, the order of the district court is affirmed.