**Alfred D. WARRICK, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 87–1298.

District of Columbia Court of Appeals.

Argued Nov. 15, 1988.
Decided Dec. 21, 1988.

Bernard Jay Williams, Silver Spring, Md., appointed by this court, for appellant.

John M. Seabright, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and Michael W. Farrell, Asst. U.S. Atty., Washington, D.C., were on the brief, for appellee.

Before TERRY, STEADMAN and SCHWELB, Associate Judges.

SCHWELB, Associate Judge:

The narrow question presented is whether a defendant previously sentenced for armed burglary with intent to commit assault has a right to be present and to allocute if that conviction is vacated on appeal and a previously vacated conviction for armed burglary with intent to steal is reinstated. In the present case, following a remand, the trial judge, without a further hearing, imposed the same sentence on the reinstated count that he had previously given the defendant on the vacated count. Holding that this procedure denied the defendant the fundamental right to be present and to be heard, we remand for resentencing.

I

Because this case was before this court on a previous occasion, *Warrick v. United States*, 528 A.2d 438 (D.C.1987), we need not recite the facts in detail. Briefly stated, the government offered evidence at trial that the defendant stabbed the complaining witness, one William Malone, during a burglary. Warrick, on the other hand, denied both the burglary and the assault. Instead, he claimed that a mysterious siren named Sharon lured him into the Malone home, but departed briefly, ostensibly to fetch a pipe to help the two of them enjoy an illicit aphrodisiac which she had purchased on the street to enhance the pleasure of the couple's anticipated revelry. What he thought was going to be a dream date turned into a nightmare when, with Sharon nowhere to be found, the occupants of the home unexpectedly attacked him and stabbed him in the side.

Despite his testimony, the jury found Warrick guilty. He was convicted of two counts of first-degree burglary while armed. D.C.Code §§ 22–1801(a), 3202 (1981 & 1988 Supp.). In Count B, the government had alleged that the burglary was committed with intent to steal; in Count C, that it was committed with intent to commit assault. The jury also convicted Warrick of assault with intent to kill while armed. §§ 22–501, 3202.

At sentencing on June 24, 1985, Judge Joseph M.F. Ryan, Jr. announced that he would vacate one of Warrick's burglary convictions to avoid merger. *See Stewart v. United States*, 490 A.2d 619, 626 (D.C. 1985). He did not specify which count would be vacated before the parties were heard as to an appropriate sentence. After Warrick allocuted, Judge Ryan decided to vacate the conviction for Count B (intent to steal). He then imposed a sentence of seven to twenty-one years on the remaining burglary count, to be consecutive to a term of ten to thirty years for assault with intent to kill while armed. When Warrick remarked to the judge that "the day will come for your judgment," Judge Ryan held him in criminal contempt and imposed an additional one-year sentence.

In Warrick's first appeal, this court reversed his contempt conviction. *Warrick*, 528 A.2d at 443–44. The court also held the evidence insufficient to sustain Warrick's conviction on Count C for burglary while armed with intent to commit assault. *Id.* at 441–43. That conviction was therefore vacated, and the court remanded the case with directions to enter judgment on Count B for armed burglary with intent to steal. *Id.* at 443. Warrick was then given leave to appeal that conviction. *Id.*

On October 16, 1987, following the remand, and without conducting a hearing,

Judge Ryan entered a judgment of conviction on Count B and vacated the conviction on Count C. He also signed a judgment and commitment order which reflected the identical sentence (imprisonment for seven to twenty-one years) for armed burglary with intent to steal as Warrick had received for armed burglary with intent to commit assault.

■ On this second appeal, Warrick attacks the sufficiency of the evidence to support his conviction of armed burglary with intent to steal. He also argues that he had the right to be present and to allocute when the trial court entered judgment after remand. He further asserts that he received ineffective assistance of counsel in his previous appeal. Finally, he claims that imposition of the sentence for armed burglary with intent to steal subjects him to double jeopardy. Of these contentions, only the second has merit.[1]

## II

■ "The law is clear that a defendant must be present in person at the time sentence is originally imposed and that he must be afforded the right of allocution." *Wells v. United States,* 469 A.2d 1248, 1249 (D.C.1983). Warrick contends that he was improperly denied these rights when the trial court imposed sentence after remand without giving him the opportunity to be present or to be heard. The government, on the other hand, maintains that

resentencing was not required because Judge Ryan performed only a "housekeeping task which in no manner affected appellant's sentence." We disagree with the government and remand this case to the trial judge for resentencing.

■ A criminal defendant's right to be present at the time sentence is imposed, and to be heard as to what the punishment shall be, is a fundamental one which implicates the due process clause. *See United States v. Gagnon,* 470 U.S. 522, 526, 105 S.Ct. 1482, 1484, 84 L.Ed.2d 486 (1985) (*per curiam*); *Snyder v. Massachusetts,* 291 U.S. 97, 105–06, 108, 54 S.Ct. 330, 332, 333, 78 L.Ed. 674 (1934); *United States v. Villano,* 816 F.2d 1448, 1452 (10th Cir.1987) (*en banc*). Indeed, it is a "leading principle that pervades the entire law of criminal procedure ... that after indictment [is] found, nothing shall be done in the absence of the prisoner." *Lewis v. United States,* 146 U.S. 370, 372, 13 S.Ct. 136, 137, 36 L.Ed. 1011 (1892). Although a defendant may, in extreme circumstances, forfeit his right to be present by engaging in disruptive behavior, *Illinois v. Allen,* 397 U.S. 337, 342–43, 90 S.Ct. 1057, 1060–61, 25 L.Ed.2d 353 (1970), the "dictates of humanity" require that he be accorded the opportunity to be present in the first instance. *Lewis, supra,* 146 U.S. at 372, 13 S.Ct. at 137.[2]

---

1. Warrick's claim that his armed burglary conviction should be reversed because the evidence failed to establish that he was armed at the time of entry overlooks the specific contrary ruling made by the court in his first appeal. *See Warrick,* 528 A.2d at 442 n. 4 ("We reject Warrick's contention that there was insufficient circumstantial evidence from which the jury could conclude that he was armed when he entered the Malone home."). Similarly, Warrick has not made the required showing that he received ineffective assistance of counsel in his prior appeal. *See Watson v. United States,* 536 A.2d 1056, 1066–71 (D.C.1987) (*en banc*).

  During oral argument of the instant (second) appeal, Warrick presented for the first time the contention that his conviction on Count B after Judge Ryan had dismissed that count violates the double jeopardy clause. Given Warrick's failure to raise this issue previously, we find it unnecessary to address it in detail. In any case,

we note that this court's decision in the first appeal implicitly rejects Warrick's argument, since the court there remanded the case for entry of judgment on Count B. Obviously, Judge Ryan's dismissal of the intent to steal count under the merger doctrine was not on the merits.

2. *See also Butler v. United States,* 388 A.2d 883, 886 (D.C.1978), *quoting United States v. Curtis,* 173 U.S.App.D.C. 185, 186, 523 F.2d 1134, 1135 (1975):

  The requirement that the defendant be present when sentence is passed has deep common law origins. It not only serves the defendant's interest by facilitating allocution, but the state has an independent interest in requiring a public sentence in order to assure the appearance of justice and to provide a ceremonial ritual at which society pronounces its judgment.

The positive law of this jurisdiction also provides unambiguous protection for these constitutionally based rights. Super.Ct. Crim.R. 43(a) requires a defendant's presence at the imposition of sentence. Once he is present, D.C.Code § 23–103 (1981) and Super.Ct.Crim.R. 32(c)(1) both provide that the defendant has a right to allocute in an effort to mitigate his punishment. The government does not dispute that Warrick has these rights, but maintains that he was accorded all that he was due when he appeared and allocuted before Judge Ryan at the initial sentencing hearing on June 24, 1985.

In support of its position, the government relies on *Rust v. United States*, 725 F.2d 1153 (8th Cir.1984) (*per curiam*). Rust was convicted of attempting to enter a federally insured bank with intent to commit larceny and entering the same bank for the same purpose. The district judge sentenced Rust to imprisonment for fifteen years on each of these counts, the sentences to be served concurrently. On appeal, after holding that these convictions merged, the Court of Appeals remanded to the District Court with directions to vacate one of them. On remand, without giving the defendant any further opportunity to be heard, the district judge vacated the entry conviction, leaving the defendant to serve a fifteen year sentence on the attempt count. On his second appeal, Rust contended that he had a right to be present at what he characterized as his "resentencing." The Court of Appeals disagreed, holding that what the district judge was required to do on remand did not constitute resentencing the defendant. *Id.* at 1154. Rather, the judge had been directed only to vacate one of the convictions, leaving the other intact. *Id.* Since no new sentence was being imposed, the defendant had no right to be present or to allocute once again. *Id.*

*Rust* and similar precedents are predicated on the proposition that "where an invalid sentence on one count is vacated and a valid sentence on another count is permitted to stand, the presence of the prisoner is not required." *United States v. Shubbie*, 778 F.2d 199, 200 (5th Cir.1985), *quoting Williamson v. United States*, 265 F.2d 236, 239 (5th Cir.1959). *See also United States v. McClintic*, 606 F.2d 827 (8th Cir.1979). Here, however, Warrick faces a different situation from that which existed in these cases. Unlike the defendant in *Rust* and those similarly situated, Warrick has never previously been sentenced on the count that "stuck."

As we have previously observed, Super. Ct.Crim.R. 43 contains an explicit requirement that the defendant be present *at the imposition of sentence*. Prior to the resentencing which occurred after remand, Warrick had never been sentenced for burglary while armed with intent to steal, which was Count B of the indictment and a distinct count for sentencing purposes. He has therefore never been present at the imposition of sentence on that count.

A crime against the person is generally regarded as more serious than one against property and, under the circumstances that now exist, Warrick's right so to argue is a meaningful one. Although Warrick could have attempted, at his original sentencing hearing, to distinguish between the two counts, and to show that one merited more lenient treatment than the other, this might have been hazardous and potentially counterproductive. If he had argued that armed burglary with intent to steal is less reprehensible than the same crime with intent to commit assault, the logical corollary would have been that committing the crime with intent to assault was more serious than doing so with intent to steal. He would thus have been potentially providing support for the proposition that he should receive comparatively more severe punishment if, following the dismissal of one count by reason of merger, the intent to assault count had been the one that survived. As events have developed, however, Warrick is now for the first time in a position to argue, without risk and with some force, that the sentence on theft-related Count B should be less severe than the vacated seven to twenty-one year sentence previously imposed on assault-related Count C.

It is true that the risk-free opportunity which Warrick will now have to make this argument would not have come his way if Judge Ryan had initially sentenced him, as *Garris v. United States*, 491 A.2d 511 (D.C.1985), suggests, on both counts, and had left the question of which count stands for initial appellate resolution. If the *Garris* procedure had been followed, Warrick could not have argued that intent to steal compares "favorably" with intent to assault without potentially enhancing the sentence for Count C. Now that Count C is out of the case, however, the opportunity to argue for lesser punishment to fit a lesser crime is devoid of risk, and may have acquired improved prospects of success.

### III

Accordingly, Warrick's conviction is affirmed, but the case is remanded to the trial court for resentencing as to Count B. Warrick shall be provided an opportunity to allocute.[3]

REMANDED.

---

**3.** During oral argument, we were advised that prior counsel did not approach the trial judge to request resentencing with Warrick present before an appeal was taken to this court. We suggest that, if such a situation should arise in the future, unnecessary expenditure of time and resources could be avoided by attempting to resolve the matter in the trial court before filing what might well turn out to be an unnecessary appeal.