**Anthony Q. KERNS, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 87–459.**

District of Columbia Court of Appeals.

Submitted Nov. 15, 1988.

Decided Jan. 4, 1989.

Mindy A. Daniels, appointed by the court, for appellant.

Roberto Iraola, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and Michael W. Farrell and Elizabeth Trosman, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before ROGERS, Chief Judge, and MACK and FERREN, Associate Judges.

PER CURIAM.

Appellant Anthony Q. Kerns contends that his Fifth Amendment right to due process and his Sixth Amendment right to counsel were violated when he and his counsel were denied the opportunity to appear in open court for resentencing after a remand following direct appeal from his conviction for second degree murder while

---

armed. D.C.Code § 22–2403, –3202 (1981). For the reasons recently set forth in *Warrick v. United States*, 551 A.2d 1332 (D.C. [1988]), we reverse and remand the case for resentencing.

Following a jury trial, appellant was sentenced by the trial judge, Judge Ryan, to a minimum of 18 and a maximum of 54 years' imprisonment. This court affirmed his conviction and also the denial of his motion for a new trial by Judge Hannon, who had assumed responsibility for the case following Judge Ryan's retirement. The court also ordered a remand, in light of the government's concession, to correct appellant's minimum sentence to conform with *Haney v. United States*, 473 A.2d 393 (D.C.1984), which was decided after appellant's sentencing by Judge Ryan.[1] *Kerns v. United States*, Memorandum Opinion and Judgment, February 24, 1987. On March 30, 1987, Judge Hannon reduced appellant's minimum sentence to 15 years' imprisonment with the maximum term remaining at 54 years. He also signed, *nunc pro tunc*, a new judgment and commitment order.

Appellant contends that he was entitled to allocute before Judge Hannon and to have the assistance of counsel at the time Judge Hannon corrected his sentence pursuant to this court's remand. He argues that because the resentencing was not the result of a proceeding under Super.Ct. Crim.R. 35, but was a resentencing premised on the illegality of a previous sentence, the exception to right of allocution under Rule 43(c)(4) does not apply.

In *Warrick, supra,* the court restated the well-settled principle that a defendant has a right to counsel at his sentencing as well as a right to be present and to allocute. *Warrick supra,* 551 A.2d at 1334. *See Mempa v. Rhay*, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967); *United States v. Behrens*, 375 U.S. 162, 165–66, 84 S.Ct. 295, 296–97, 11 L.Ed.2d 224 (1963); *Fletcher v. United States*, 524 A.2d 40, 41 n. 1

(D.C.1987); D.C.Code § 23–110 (1981); Super.Ct.Crim.R. 32(c)(1); Super.Ct.Crim.R. 43(a). Previously, in *Wells v. United States*, 469 A.2d 1248, 1249–50 (D.C.1983), the court reaffirmed this principle but held that these rights do not necessarily arise in every proceeding which affects a defendant's original sentence. The government maintains that a *Wells* exception is applicable here. We disagree.

In *Wells v. United States*, 469 A.2d 1248 (D.C.1983), the court held that the defendant did not have a right under Super.Ct. Crim.R. 43(c)(4) to be present when his illegal sentence was corrected pursuant to a motion under Super.Ct.Crim.R. 35. *Id.* at 1249–50. The trial court conducted a post-sentencing hearing under Rule 35 and found that the defendant should not have been sentenced separately for arson when it constituted the underlying crime for felony murder. The corrective order required only that Wells' sentence for arson be excised from the sentences for his other convictions, which were not changed in any way. *Id.* at 1249–50. *See also United States v. Shubbie*, 778 F.2d 199, 200 (5th Cir.1985) (one of several counts in judgment vacated).

In the instant case, however, the court held that appellant's original sentence imposed by Judge Ryan was illegal because it was inconsistent with the controlling sentencing statute. Therefore, the sentence was a nullity. *Prince v. United States*, 432 A.2d 720, 721 (D.C.1981). Vacation of his illegal sentence placed appellant in the same position as if he had never been sentenced. Thus, his resentencing is a *de novo* proceeding at which he must be afforded the opportunity to allocute. *See Warrick, supra,* 551 A.2d at 1335. Although our opinion did not explicitly refer to vacation of appellant's sentence, our holding that his original sentence was illegal under *Haney* had that effect.

Unlike *Wells*, this case presents a situation in which the trial judge on remand has discretion in resentencing appellant once

---

**1.** D.C.Code § 22–3202(b) (1981) provides additional penalties for crimes committed while armed, including a maximum minimum of fifteen years for life sentences imposed under this section.

the illegality is removed.[2] Even though the judge on remand is likely to impose a sentence similar to that imposed initially by the trial judge, it is not inevitable that appellant's sentence would be 15 to 54 years' imprisonment. *See Prince, supra,* 432 A.2d at 721–22 (increased term of imprisonment upon resentencing); *Christopher v. United States,* 415 A.2d 803, 805 (D.C.1980) (same). Appellant may be able to persuade the remand judge that Judge Ryan's sentencing scheme indicated that he intended the maximum sentence to be no more than three times the minimum sentence imposed, or even that a different sentence with lesser penalties was appropriate. In any event, appellant must be afforded the opportunity to make his arguments before he is sentenced.

That appellant received assistance of counsel on appeal and obtained a reduction of his sentence, nothing less than what he could have achieved had he moved to correct his sentence under Rule 35, does not mean, as the government argues, that he was not entitled to allocute at the time of resentencing. Although the language of our opinion in appellant's direct appeal may suggest a ministerial act, the legal effect of our holding is that appellant must be resentenced and not merely that his original minimum sentence is to be reduced by three years.[3]

Accordingly, we reverse and remand the case for resentencing at which appellant shall have the right to allocute and to have counsel present to argue in mitigation of sentence before a new sentence is imposed.

---

**2.** *See United States v. Connolly,* 618 F.2d 553, 556 (9th Cir.1980) (allocution not required where illegal sentence corrected by adding special minimum parole term mandated by law).

**3.** *See United States v. McCray,* 468 F.2d 446, 450 (10th Cir.1972); *Woykovsky v. United States,* 297 F.2d 179, 182 (7th Cir.1961), *cert. denied,* 369 U.S. 867, 82 S.Ct. 1034, 8 L.Ed.2d 86 (1962).