963 F.2d 368
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cephus MCNEIL, a/k/a Twin, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cephus MCNEIL, a/k/a Twin, Defendant-Appellant.
 Nos. 91-5318, 91-6636.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 28, 1992
Decided: May 28, 1992
 
 Appeals from the United States District Court for the Middle District of North Carolina, at Durham. Norwood Carlton Tilley, Jr., District Judge. (CR-81-74-01-D, CA-89-836-D-C)
 J. Matthew Martin, Martin & Martin, P.A., Hillsborough, North Carolina, for Appellant.
 Robert H. Edmunds, Jr., United States Attorney, David B. Smith, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before RUSSELL and NIEMEYER, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Cephus Dixon McNeil appeals from the district court's order vacating, then reinstating, his sentences for possessing with intent to distribute and distributing heroin (No. 91-5318) and from the district court's denial of his Motion for Reconsideration (No. 91-6636). We affirm.
 
 
 2
 McNeil was charged by a grand jury for possessing with intent to distribute approximately ten grams of heroin and distributing ten grams of heroin in June 1981 (Counts I and II). He was similarly charged for possession and distribution of thirty-three grams of heroin in July 1981 (Counts III and IV). His first trial ended in a mistrial. At the conclusion of his second trial, the jury entered verdicts of guilty on all charges. Counts I and II were consolidated, as were Counts III and IV, and McNeil was sentenced to ten years imprisonment on each of the consolidated counts, to run concurrently.
 
 
 3
 McNeil clearly expressed to his retained counsel his desire to appeal his conviction and sentence, but his attorney failed timely to file an appeal. As a result, McNeil filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (1988), seeking permission to file an untimely direct appeal. At the conclusion of an evidentiary hearing, the magistrate judge issued a Report and Recommendation recommending that McNeil be granted his requested relief. The district court adopted the Report and Recommendation, and entered an order vacating the original sentence and simultaneously reinstating that sentence for the purpose of causing the time period for filing an appeal to run anew. Because the district court which heard McNeil's § 2255 petition had no authority to modify the original sentence, and because the original sentence was vacated and reinstated for the sole purpose of providing McNeil with an opportunity to file a belated appeal, McNeil's presence was not deemed necessary.
 
 
 4
 Upon entry of the district court's order, McNeil filed a timely notice of appeal. More than ten days after entry of judgment, McNeil filed a Motion for Reconsideration with the district court, arguing that the court erred in reinstating his sentence in his absence. The motion was denied. McNeil then filed a second notice of appeal.
 
 I.
 
 5
 McNeil first argues that the district court erred in reinstating his original sentence in his absence. This argument is without merit. Under Fed. R. Crim. P. 43, a defendant is only required to be present where the sentence is increased, or where the entire sentence is vacated and the case remanded for resentencing. United States v. Jackson, 923 F.2d 1494, 1497 (11th Cir. 1991); Rust v. United States, 725 F.2d 1153, 1154 (8th Cir. 1984); see also Snyder v. Massachusetts, 291 U.S. 97, 106 (1934) (presence not required at key stages of trial where presence would be useless). McNeil's original sentence was vacated and simultaneously reinstated for the sole purpose of giving him an opportunity to file a belated direct appeal. Because the district court's reinstatement order did not alter the terms of McNeil's sentence, his presence was not required. Furthermore, any violation of Rule 43 which may have occurred on these facts was harmless, given the district court's lack of authority to modify the original sentence. See United States v. Rogers, 853 F.2d 249, 252 (4th Cir.), cert. denied, 488 U.S. 946 (1988). The district court did not err in reinstating McNeil's sentence in his absence.*
 
 II.
 
 6
 McNeil next challenges the sufficiency of the evidence used to convict him. A verdict of guilty must be sustained on appeal unless "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 324 (1979). In making this determination, the evidence is viewed in the light most favorable to the government. United States v. Jones, 735 F.2d 785, 790 (4th Cir.), cert. denied, 469 U.S. 918 and 936 (1984); United States v. Tresvant, 677 F.2d 1018 (4th Cir. 1982).
 
 
 7
 We find that the evidence presented in this case was more than sufficient to support McNeil's guilt beyond a reasonable doubt. Agent Rousseau testified that he observed McNeil's drug sales to others and personally purchased heroin from McNeil on a separate occasion. A rational trier of fact could have found that this testimony established both the element of physical transfer essential to the drug distribution charges and McNeil's knowing possession with intent to distribute. United States v. Crockett, 813 F.2d 1310, 1316 (4th Cir.), cert. denied, 484 U.S. 834 (1987).
 
 III.
 
 8
 Lastly, McNeil challenges the trial court's admission of testimony tending to show that he engaged in gambling and frequented gambling houses. McNeil failed to object to this line of testimony at trial and is thus precluded from raising the issue on appeal. United States v. Maxton, 940 F.2d 103, 105 (4th Cir.), cert. denied, 60 U.S.L.W. 3343 (1991). Furthermore, this claim is without merit. The evidence regarding McNeil's presence at a gambling house was not offered to prove character in violation of Fed. R. Evid. 404(b), but simply came up in the course of establishing the context in which the drug transactions occurred. The district court did not abuse its discretion in admitting testimony which made reference to the gambling house.
 
 
 9
 We affirm the district court's decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 In view of our holding that McNeil's presence was not required at the reinstatement of sentence, McNeil's Motion for Reconsideration was properly denied