968 F.2d 22
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Albert Earl RUSH, also known as John J. Russell, also known
as Bill Bayson, also known as J.C. Leonardo,
Defendant-Appellant.
 No. 91-8031.
 United States Court of Appeals, Tenth Circuit.
 June 18, 1992.
 
 1
 Before EBEL and BARRETT, Circuit Judges, and KANE,* Senior District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 EBEL, Circuit Judge
 
 3
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 4
 Defendant-appellant Albert Earl Rush appeals[1] from an order clarifying that an October 12, 1989, sentence imposed on Defendant was to run consecutively to any other sentence being served by Defendant. Based on his assumption that the October 12, 1989, sentence was presumed to run concurrently with any other sentence being served, and that he had completed serving the October 12 sentence on February 26, 1990, Defendant argues that 1) the district court erred in increasing the October 12 sentence without providing him with notice and the right to be present at a hearing with counsel; 2) the court lacked jurisdiction to reopen a closed case; 3) the court violated Defendant's right not to be subjected to double jeopardy by increasing the October 12 sentence after he finished serving it; and 4) the court waited too long to correct its sentence. Because we conclude that the October 12, 1989, sentence was both intended as well as presumed to run consecutively to any other sentence being served by Defendant, we reject his contentions and affirm.
 
 
 5
 Defendant had been serving a fifteen-year sentence in Oregon. He was on parole when he was arrested in Wyoming for transporting a stolen motor vehicle in interstate commerce in violation of 18 U.S.C. § 2312. He was charged with one count of violating § 2312, and a detainer was lodged against him for violating his parole. He was subsequently charged with two counts of violating § 2312.
 
 
 6
 Defendant pled guilty to one count of transporting a stolen motor vehicle in interstate commerce. The second count was dismissed. At the October 12, 1989, sentencing hearing the judge expressed his understanding that under the sentencing guidelines, the new sentence would be served consecutively to any term Defendant would be required to serve if Defendant's parole were to be revoked. R. II at 5. While imposing sentence, the judge reiterated that "it looks to me like this time will be served in addition to any possible parole revocation." Id. at 14. The written judgment incorporating the sentence does not indicate whether the sentence is to run consecutively to or concurrently with any other sentence. Although the record is silent as to the intervening events, Defendant stated in his Pro Se Docketing Statement that on March 7, 1990, he was ordered to serve an additional fifty-two months for the parole violation.
 
 
 7
 At some point the Bureau of Prisons requested clarification as to whether Defendant's October 12, 1989, sentence was to run concurrently with or consecutively to the sentence resulting from the parole violation. Without providing Defendant notice or holding a hearing, the court issued an order on May 2, 1991, clarifying that the sentence was to run consecutively to, not concurrently with, any other term being served by Defendant. Defendant filed a notice of appeal from the clarification order, then moved to reconsider the order. The district court concluded that the notice of appeal deprived it of jurisdiction to rule on the motion to reconsider.[2]
 
 
 8
 The underlying premise of Defendant's position on appeal is that a written judgment controls over an oral pronouncement of sentence, and that where the written judgment does not indicate whether a sentence is to run concurrently with or consecutively to another sentence, it is presumed that the sentence is concurrent. Defendant is mistaken in his view of the law.
 
 
 9
 "It is firmly established ... that an orally pronounced sentence controls over a judgment and commitment order when the two conflict." United States v. Villano, 816 F.2d 1448, 1450 (10th Cir.1987). The district court stated in the clarification order that it made no comment at sentencing whether the October 12, 1989, sentence was concurrent or consecutive. However, our review of the sentencing transcript reveals that the court did state that the October 12, 1989, sentence would run consecutively to any sentence Defendant would serve for the parole violation. To the extent that there is a conflict between the court's oral pronouncement and the written judgment, the oral pronouncement controls.
 
 
 10
 If the court's oral pronouncement was ambiguous, the written judgment may be used as evidence to determine the intended sentence. Id. at 1451. Here, the written judgment is silent as to whether the sentence is to run consecutively to or concurrently with any other sentence. Before November 1, 1987, the law in this circuit, as elsewhere, was that "[a]bsent clear language to the contrary, it is presumed that sentences imposed on more than one offense at the same time, or at different times, will run concurrently." Subas v. Hudspeth, 122 F.2d 85, 87 (10th Cir.1941) (footnote omitted). However, effective November 1, 1987, 18 U.S.C. § 3584(a) provides that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." The court did not order that the October 12, 1989, sentence was to run concurrently with any sentence resulting from the parole violation. Under § 3584(a), the October 12, 1989, sentence is consecutive to the sentence resulting from the parole violation.
 
 
 11
 Defendant argues that he was entitled to notice before the court issued its clarification order. While the district court did not indicate under which rule it was proceeding, Fed.R.Crim.P. 36 permits a court to correct "[c]lerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission...." This rule may be used to "conform the sentence to the term which the record indicates was intended." United States v. Kaye, 739 F.2d 488, 490 (9th Cir.1984). The record in this case indicates that the judge intended the October 12, 1989, sentence to run consecutively to the sentence resulting from the parole violation.
 
 
 12
 Rule 36 permits correction of a judgment "after such notice, if any, as the court orders." (Emphasis added.) Thus, Rule 36 provides a court with discretion whether to give notice before correcting an error. Because the court in this case could reach no other result, we conclude the court did not abuse its discretion by failing to give notice before issuing its clarification order.
 
 
 13
 Defendant contends that he had a right to be present at the "resentencing." Federal R.Crim.P. 43(a) requires a defendant's presence "at the imposition of sentence, except as otherwise provided by this rule." A defendant's presence is not required for a reduction of sentence under Fed.R.Crim.P. 35. Fed.R.Crim.P. 43(c)(4). Rule 43 requires the defendant's presence where the sentence is made more onerous, Mayfield v. United States, 504 F.2d 888, 889 (10th Cir.1974), or where the entire sentence is set aside and the case is remanded for resentencing. United States v. McClintic, 606 F.2d 827, 828 (8th Cir.1979). A defendant has a right to be present at resentencing even where the court merely amends a noncomplying sentence to conform to the law. United States v. De Los Santos-Himitola, 924 F.2d 380, 382 (1st Cir.1991). However, although an order correcting a sentence so as to cancel a mistaken earlier correction is not a reduction in sentence, the defendant was not required to be present at a hearing because the order did not increase the sentence, but rather left the original sentence unchanged. Id. at 382-83.
 
 
 14
 Here, the clarification order did not increase Defendant's sentence. Rather, it reiterated what the judge said at the sentencing hearing: that the sentence was to be served consecutively to any sentence resulting from the parole violation. We agree with Plaintiff that the clarification order was not necessary. Absent that order, the October 12, 1989, sentence would have been construed as consecutive. Thus, because the court did not increase Defendant's sentence or resentence him, but rather left the original sentence unchanged, Defendant was not required to be present at a hearing.
 
 
 15
 Defendant argues that he had the right to have an attorney present when he was "resentenced." We disagree. Defendant did not have a right to be present because he was not resentenced; he likewise did not have a right to have an attorney present.
 
 
 16
 Defendant next contends that the district court lacked jurisdiction to issue its clarification order because he had completed the sentence as of February 26, 1990, and his case was therefore "closed." Again, Defendant's argument is based on his erroneous assumption that the October 12, 1989, sentence was presumed to run concurrently with any other sentence imposed. Defendant had not completed the October 12, 1989, sentence as of February 26, 1990, because the October 12 sentence ran consecutively to the sentence resulting from the parole violation. The case was not "closed," and the district court had jurisdiction to issue its clarification order.
 
 
 17
 Defendant contends that the district court's clarification order violated his right not to be subjected to double jeopardy, U.S. Const. amend. V, by imposing a "second" sentence for the same charge after Defendant completed serving the "first" sentence for that charge, relying on United States v. Earley, 816 F.2d 1428 (10th Cir.1987). In Earley, the district court did not state in its oral pronouncement of sentence whether a new sentence was to be served consecutively to, or concurrently with, a preexisting sentence. The written judgment and probation/commitment order was also silent on this point. Approximately four months after the sentencing hearing, the district court, sua sponte and without a hearing, issued a clarification order, stating that it had intended that the new sentence was to be served consecutively to, and not concurrently with, the sentence Earley was currently serving. Id. at 1429-30.
 
 
 18
 Earley claimed the clarification order violated his rights under the Double Jeopardy Clause. We concluded that because neither the court's oral pronouncement nor the written judgment specified whether the sentence was consecutive or concurrent, the law in effect at that time created a presumption that the new sentence was to run concurrently with the sentence Earley was serving. Id. at 1431. We noted that Congress had recently enacted § 3584(a), which altered this presumption. Id. However, because this section was not yet in effect, it did not apply to Earley, and the new sentence was presumed to be concurrent. Thus, the clarification order increased Earley's sentence. We then applied the rule that where no statute or rule extends the sentencing process further, the Double Jeopardy Clause stops the court's sentencing authority "at the jailhouse door." Id. at 1434. As no statute or rule extended the sentencing process, we concluded that the clarification order violated Earley's Double Jeopardy rights. Id.
 
 
 19
 Earley is inapposite. The presumption employed in Earley--that unless otherwise specified a sentence is to run concurrently--does not apply here both because the district court specifically stated at sentencing that the sentence was to run consecutively, and because of § 3584(a). Rather, this case is more akin to United States v. McAfee, 832 F.2d 944 (5th Cir.1987). There, the record disclosed the unequivocal intent of the sentencing judge, expressed at the sentencing hearing, to impose a consecutive sentence, but the written judgment was silent on this point. The appellate court held that the district court's sua sponte entry of an order correcting the written judgment to state that the sentence was consecutive did not constitute a new sentence that increased the defendant's punishment contrary to the Double Jeopardy Clause, but rather merely conformed the written judgment to the oral sentence. Id. at 946. We conclude that the clarification order did not violate Defendant's rights under the Double Jeopardy Clause.
 
 
 20
 Defendant's final contention is that the district court issued its clarification order too late, again relying on our holding in Earley that the court's clarification of its sentence as running consecutively to a previously imposed sentence came too late. 816 F.2d at 1434. However, the clarification order in Earley increased the sentence, whereas here it did not. Earley therefore does not apply. In addition, under Rule 36, a clerical error can be corrected "at any time."[3]
 
 
 21
 The order of the United States District Court for the District of Wyoming is AFFIRMED.
 
 
 
 *
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The notice of appeal was filed beyond the ten-day time limit of Fed.R.App.P. 4(b) but within thirty days of entry of the order appealed from. We remanded the matter to the district court to permit Defendant to file a motion for an extension of time to file the notice of appeal, pursuant to United States v. Lucas, 597 F.2d 243, 244-46 (10th Cir.1979). The district court has granted an extension. We therefore have jurisdiction of the appeal
 
 
 [2]
 The motion to reconsider did not delay the commencement of the time to appeal because it was not timely. Cf. United States v. Ibarra, 112 S.Ct. 4, 5 (1991) (motion to reconsider filed within permissible time to appeal delays commencement of appeal time until disposition of motion)
 
 
 [3]
 We deny Plaintiff's motion to supplement the record on appeal with its Motion to Include Correspondence As Part of the District Court's Record. This motion was filed with the district court after the present appeal was filed. Therefore, the correspondence attached to the motion could not have been considered by that court when it issued the clarification order. See Kirshner v. Uniden Corp. of Am., 842 F.2d 1074, 1077 (9th Cir.1988) (papers submitted to district court after ruling that is challenged on appeal should be stricken from record)
 We grant Defendant's motion for a copy of our June 10, 1991, letter and record items Nos. 48 and 58. The clerk is directed to provide Defendant with a copy of these items. We deny the motion for copies of the June 20, 1991, Motion to Vacate 5/2/91 Order and the June 24, 1991, Motion to Reconsider 5/2/91 Order because these documents are not in the appellate record.
 Defendant appears to request in his Reply Brief that the record be supplemented with an October 25, 1989, letter from Darrell K. Mills of the U.S. Probation Office, a Sentence Monitoring Computation Data sheet computing Defendant's sentence as of February 22, 1990, and a March 23, 1990, Memorandum apparently from Prison Warden Peter M. Carlson, or the transcripts, judgment, or report on which these documents are based. Each of these documents indicates that Defendant completed or would complete serving his October 12, 1989, sentence on February 26, 1990.
 We deny the request to supplement the record with these documents or the documents on which they are based because there is no showing that these documents were presented to the district court. In any event, they contain no more than the opinions of prison officials or a probation officer as to the duration of Defendant's sentence. Sentencing is the exclusive function of the judge. United States v. McCord, 664 F.2d 60, 62 (5th Cir.1981). The judge's ruling as to the duration of the sentence controls.