**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 3 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JOHN BRETT ALLEN,

      Defendant-Appellant.

No. 99-1264
(D.C. No. 90-CR-195-N)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY, EBEL**, and, **LUCERO,** Circuit Judges.

Proceeding pro se, John Allen appeals the district court's denial of his motion to correct a clerical error in a written amended criminal judgment pursuant to Fed. R. Crim. P. 36. We affirm.

Defendant-Appellant John Allen was charged in a thirteen-count indictment dealing with various drug trafficking and obstruction of justice charges. He pled

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

guilty, pursuant to a plea agreement, and was sentenced on July 10, 1992 to an initial sentence of 200 months confinement and five years of supervised release.[1] (See Aplt. Br. at 3, Aple. Br. at 1.) The convictions and sentence were upheld on direct appeal. See United States v. Allen, 24 F.3d 1180, 1181-82 (10th Cir. 1994).

While the direct appeal was pending, the government, on July 9, 1993, filed a timely motion pursuant to Fed. R. Crim. P. 35 to modify Allen's sentence. The government requested that a decision on the motion be held in abeyance until after the trial of co-defendant DiFranchesco.[2] (See Doc. 3.) On September 1, 1994, the government moved to withdraw its motion to modify the sentence. (See Doc. 4.) DiFranchesco pleaded guilty, and therefore Allen's testimony was no longer necessary. The district court granted this motion. (See Doc. 5.) Allen then brought a motion for reconsideration. (See Doc. 6.) A hearing was held on the motion on January 20, 1995. (See Doc. 9.) At the end of the hearing, the district court decided to make a downward departure. (See Vol. IV at 65.) The court

---

[1] Allen was also required to perform 200 hours of community service and pay $150 to the victims' fund. (See Vol. III at 68-69.)

[2] The government's offer to make a recommendation for a reduction in Allen's sentence was contingent on Allen's testimony in the trial of co-defendant DiFranchesco. The government, therefore, wanted to wait until after DiFranchesco's trial so it could make a recommendation based "upon an actual evaluation of the true and complete trial testimony of the defendant." (See Doc. 3.)

ordered that the "sentence heretofore imposed on Mr. Allen is reduced from 200 months to 96 months." (Id. at 66.) On September 6, 1995, the district court signed an Amended Judgment in a Criminal Case, which indicated a reduction of the term of imprisonment from 200 months to 96 months, but left the other conditions of the sentence, including the five years supervised release, in place. (See Doc. 10, attachment.) On September 11, 1997, after Allen was released from prison and placed on supervised release, he filed a Motion to Correct Judgment and Commitment Document pursuant to Fed. R. Crim. P. 36. In this motion, Allen contended that during the hearing in January 1995, the court sentenced him to 96 months and made no mention of the 5 years of supervised release provided for in his original sentencing; therefore, when the court included the 5 years of supervised release in the written order in September 1995, it made a clerical error. The government opposed this motion in its "Response in Opposition Motion to Correct Judgment and Commitment Order." (See Doc. 11.) The government argued that the only issue before the judge in the hearing in January 1995 was Allen's time in prison. After several more motions back and forth between Allen and the government, Allen eventually filed a Petition for Writ of Mandamus on January 25, 1999. This Court granted the petition and ordered the district court to consider and decide Allen's Rule 36 motion "forthwith." (See Doc. 18.) On April 15, 1999 the district court denied Allen's motion stating that

his claim of clerical error was "bogus," and further stated that Allen's term of supervised release was never an issue in the proceedings on January 20, 1995. Allen appeals this denial.

The underlying premise of Allen's position on appeal is that an oral pronouncement of sentence controls over a written judgment. "It is well established that a sentence orally imposed governs a conflicting, later written sentence of the court." See United States v. Townsend, 33 F.3d 1230, 1231 (10th Cir. 1994). Allen argues that when he was resentenced in January 1995, the judge orally reduced his sentence from 200 months to 96 months and did not include a term of supervised release. Thus when the judgment was recorded on paper, there was a clerical error when the clerk included a five year term of supervised release.

The denial of a Rule 36 motion to correct is within the discretion of the trial judge, (see Fed. R. Crim. P. 36 "[c]lerical mistakes . . . may be corrected by the court"), and therefore we will only set aside a denial for an abuse of discretion. See United States v. Rush, No. 91-8031, 1992 WL 138620, at *2 (10th Cir. June 18, 1992) (unpublished opinion) (using an abuse of discretion standard when evaluating the decision of a trial judge to give notice under Rule 36); United States v. Niemiec, 689 F.2d 688, 692 (7th Cir. 1982). But see United States v. Dickie, 752 F.2d 1398, 1400 (9th Cir. 1985) (using a clear error

- 4 -

standard).  In this circuit, abuse of discretion is defined as "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." Coletti v. Cudd Pressure Control, 165 F.3d 767, 777 (10th Cir. 1999) (quotations omitted).

Fed. R. Crim. P. 36 states that "[c]lerical mistakes in judgments, orders, or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders."[3]  Rule 36 "may be used to conform the sentence to the term which the record indicates was intended." Rush, 1992 WL 138620, at *2. However, Rule 36 cannot be used by a  court to correct substantive errors in the judgment.  See United States v. Blackwell, 81 F.3d 945, 948-49 (10th Cir. 1996). In this case, the district court stated in its order denying the Rule 36 motion that when it announced the reduction in Allen's sentence from 200 months to 96 months pursuant to the government's Rule 35 motion, it was addressing only the term of imprisonment.   The government never addressed Allen's term of

---

[3] The government argues that either this should have been addressed in a direct appeal, in which case Allen is untimely, or this is actually a § 2255 motion. If we were to treat this as a § 2255 motion it would be successive, because Allen previously filed a motion pursuant to 28 U.S.C. § 2255 in 1995 and has not shown that this second claim for relief was unavailable in 1995.  Allen has characterized this appeal as a Fed. R. Crim. P. 36 motion.  If Allen could show that the oral sentencing in January 1995 removed the five year term of supervised release, then the transcription which includes the five year term would be a clerical error, and relief would be warranted under Rule 36.  Thus we choose to address this as a motion under Rule 36.

supervised release in its Rule 35 motion nor did the defendant, and, therefore, the court did not understand it to be under consideration at the hearing in January 1995.[4] Therefore, according to the district court, there was no clerical error when the amended written judgment was proscribed. The change in the prison term never affected the term of supervised release. The record supports the district court's argument that the term of supervised release was never raised or contested during the hearing in January 1995, and, therefore, we can not say that the district court abused its discretion.

For the reasons stated above, we AFFIRM the district court's denial of defendant's Rule 36 motion.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

---

[4] This is further evidenced by the court's comment during the January 1995 hearing that "if there is an ultimate supervised release term in this case, *as there is*, there will be time to correct that [referring to whether specific deterrence has been achieved in this case] during the time of supervised release." (See Vol. IV at 63) (emphasis added).