**UNITED STATES of America, Appellee,**

v.

**Tony Ray ANSPACH, Appellant.**

**No. 89–5610.**

United States Court of Appeals, Eighth Circuit.

Submitted June 12, 1990.

Decided Aug. 7, 1990.

Philip S. Resnick, Minneapolis, Minn., for appellant.

Richard E. Vosepka, Minneapolis, Minn., for appellee.

Before LAY, Chief Judge, HEANEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

PER CURIAM.

Tony Ray Anspach appeals from the judgment of the district court[1] following a jury trial in which he was found guilty of one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 (1988), three counts of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (1988), and two counts of using

---

1. The Honorable Harry H. MacLaughlin, United States District Judge for the District of Minnesota.

a telephone as a communication facility to facilitate distribution of cocaine in violation of 21 U.S.C. § 843(b) (1988). He argues that the district court erred by: (1) refusing to give his requested entrapment instruction; (2) denying his motion for a mistrial when the prosecutor asked questions and elicited answers which Anspach claims were references to his decision not to testify; (3) failing to give him a two-level reduction under the Sentencing Guidelines for acceptance of responsibility; and (4) denying his motion for mistrial based upon the government's violation of the rule of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). We affirm the judgment of the district court.

The evidence at Anspach's trial revealed that he and other individuals were engaged in a cocaine distribution enterprise which brought cocaine from California to Minnesota and then sold it. Jay Dorn was the California contact who arranged for cocaine to be delivered by drug couriers to Minnesota. Anspach and Burt Rozman arranged funding for the purchases, which usually involved kilogram amounts once or twice a month. Rozman was arrested and cooperated with law enforcement authorities. Phone calls between Rozman and Anspach discussing drug deals were taped. Anspach was arrested when he met with Rozman to complete a deal. He was found in possession of twenty ounces of cocaine, a drug ledger note, and the keys to a van used for cocaine storage. Anspach later confessed to being Rozman's partner in drug distribution, acting as a middleman to arrange deals between California and Minnesota, and selling cocaine to at least five individuals.

The other defendants involved in the drug distribution ring plead guilty and testified against Anspach at trial. The jury found him guilty of the six counts previous-ly mentioned arising out of his cocaine distribution activities. This appeal followed.

■ Anspach first argues that the court erred in refusing his request for an entrapment instruction because the transaction leading to his arrest was arranged by the government. He recognizes that the testimony of Rozman and others regarding earlier transactions may have established his predisposition to commit the offense, but nevertheless urges that he was entitled to have a jury resolve the issue. His argument lacks merit because he has failed to produce any evidence to support submitting an entrapment instruction to the jury. The record lacks "sufficient evidence from which a reasonable jury could find entrapment." *United States v. Felix,* 867 F.2d 1068, 1074 n. 11 (8th Cir.1989) (quoting *Mathews v. United States,* 485 U.S. 58, 62, 108 S.Ct. 883, 886, 99 L.Ed.2d 54 (1988)).

■ Anspach also argues that his Fifth Amendment right to remain silent was violated by the prosecutor's question at trial to a police officer asking whether the officer had heard Anspach speak in court or at any time in the past.[2] Anspach contends that the questioning placed undue emphasis on his failure to testify. We reject this contention. We read the questioning as the prosecutor's attempt to lay a foundation for introduction of taped conversations between Rozman and Anspach by having the officer identify Anspach's voice. While the prosecutor may have misspoken and corrected his question, we do not read it as commenting on Anspach's exercise of his right to remain silent.

■ Anspach next argues that the district court erred in denying him a two-level reduction for acceptance of responsibility under Sentencing Guideline section 3E1.1. The court's decision in this regard is entitled to great deference upon review, *United States v. Anderson,* 886 F.2d 215, 216

---

2. The prosecutor's questioning was as follows:
Q. Have you had occasion to hear Mr. Anspach speak in court—or speak—I don't mean in court—to speak at any time in the past?
A. Yes.
Q. Were you present when he was interviewed, for example, by Deputy Rainville?
A. Yes, I was.
Q. And did you see or hear him at preliminary court appearances in this case where he might have spoken?
A. I don't know if I heard him speak in court. But I have heard him speak.
(Tr. 293–94).

(8th Cir.1989) (per curiam), and the record reveals no reason to disturb that decision. We also observe that Anspach's sentence of seventy-eight months was within the range of sentences he could have received had he been granted a two-level reduction for acceptance of responsibility.

 Finally, the record reveals no violation of the *Brady* rule. *See Brady v. Maryland,* 373 U.S. at 87, 83 S.Ct. at 1196–97. Anspach claims that the government failed to disclose evidence of a government witness' prior arrest for a drug distribution offense. Defense counsel was notified of this fact at least one day prior to commencement of trial.

We are satisfied that the issues raised by Anspach merit no further discussion. We affirm the judgment of the district court. *See* 8th Cir.R. 47B.