972 F.2d 353
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Tony ANSPACH, Appellant,
v.
UNITED STATES OF AMERICA, Appellee.
 No. 92-1626.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 6, 1992.
Filed: August 14, 1992.
 
 Before MAGILL, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Tony Anspach, a federal prisoner, appeals from the district court's[1] order denying his 28 U.S.C. § 2255 motion. We affirm.
 
 
 2
 A jury convicted Anspach of a number of drug-related offenses for his role in a cocaine distribution ring. The presentence report (PSR) determined that Anspach's base offense level was 28 and recommended a two-level reduction under U.S.S.G. § 3E1.1. The government objected to the PSR's recommendation for the two-level reduction. The government noted that Anspach had insisted on going to trial, had not cooperated with the authorities, had not taken responsibility for his criminal conduct, and had minimized his role in the offense. Anspach responded by arguing that the government wanted to penalize him for exercising his right to a jury trial.
 
 
 3
 The district court sustained the government's objection to the section 3E1.1 reduction. This resulted in a sentencing range of 78-97 months and the court imposed a 78-month sentence. Anspach appealed his conviction and sentence, arguing among other things that the district court erred by denying him the reduction for acceptance of responsibility. This court rejected his argument. United States v. Anspach, 910 F.2d 524, 525-26 (8th Cir. 1990) (per curiam).
 
 
 4
 Thereafter, Anspach filed his section 2255 motion, alleging that the district court erred by (1) denying him the two-level acceptance-of-responsibility reduction; (2) failing to provide him with notice of its intent to deny the reduction; (3) failing to grant him a two-level minor-participant reduction under U.S.S.G. § 3B1.2(b); and (4) failing to give him sentencing credit pursuant to 18 U.S.C. § 3585(b) for the seven months he spent on bond prior to trial under restrictive conditions. The district court denied the motion. On appeal, Anspach reiterates the arguments he raised in the district court.
 
 
 5
 The district court correctly concluded that Anspach is not entitled to relitigate his challenge to the denial of the acceptance-of-responsibility reduction because that issue was decided in his direct appeal. See Dall v. United States, 957 F.2d 571, 573 (8th Cir. 1992) (per curiam); United States v. Shabazz, 657 F.2d 189, 190 (8th Cir. 1981) (per curiam). Anspach argues that he was entitled to both notice of the district court's decision to reject the PSR's recommendation and a hearing on the issue. See United States v. Brady, 928 F.2d 844, 847-48 (9th Cir. 1991) (trial court's rejection of recommendation for section 3E1.1 reduction, without notice to defendant of intent to deny reduction, deprived defendant of adequate opportunity to present evidence on issue). Because Anspach did not raise this argument at sentencing or on appeal, we need not address it. See United States v. Manko, 772 F.2d 481, 482 (8th Cir. 1985) (per curiam). We note, however, that the government objected in writing to the PSR's recommendation for the reduction, and Anspach presented his written arguments in response. Cf. United States v. Andrews, 948 F.2d 448, 449 (8th Cir. 1991) (per curiam) (formal notice of district court's intent to depart unnecessary when submission by government requests departure and specifies grounds).
 
 
 6
 Similarly, Anspach did not request a two-level reduction under U.S.S.G. § 3B1.2(b) at sentencing, and he did not raise the issue on appeal. He is therefore not entitled to relief under section 2255, absent a showing of cause for this default and actual prejudice. Dalton v. United States, 862 F.2d 1307, 1309 (8th Cir. 1988). Anspach has made no attempt to show cause, and it does not appear that he could demonstrate prejudice. Anspach was one of the two leaders of the Minnesota branch of a drug ring that brought cocaine from California to Minnesota for distribution. He confessed to "being Rozman's partner in drug distribution, acting as a middleman to arrange deals between California and Minnesota, and selling cocaine to at least five individuals." Anspach, 910 F.2d at 525. Thus, he was not "less culpable than most other participants." U.S.S.G. § 3B1.2, comment. (n.3).
 
 
 7
 Finally, Anspach's claim that he is entitled to sentencing credit for the time he spent on bond before trial because he was subjected to significant restrictions on his freedom during that time is foreclosed by Villaume v. United States Dep't of Justice, 804 F.2d 498, 499 (8th Cir. 1986) (per curiam) (rejecting identical argument), cert. denied, 481 U.S. 1022 (1987). See also United States v. Wickman, 955 F.2d 592, 593 (8th Cir. 1992) (per curiam) (en banc) (rejecting defendant's request for sentencing credit for time spent under house arrest as condition of pretrial release).
 
 
 8
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Harry H. MacLaughlin, United States District Judge for the District of Minnesota