Gerald D. **MOONEY**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 04–CO–725.

District of Columbia Court of Appeals.

Argued Dec. 1, 2005.
Decided Dec. 20, 2007.

---

Robert S. Becker, Washington, DC, appointed by the court, for appellant.

Thomas P. Martin, Assistant United States Attorney, with whom Kenneth L. Wainstein, United States Attorney at the time the brief was filed, John R. Fisher, Assistant United States Attorney at the time the brief was filed, and Thomas J. Tourish, Jr., Zulima Espinel, and Kami Chavis Simmons, Assistant United States Attorneys, were on the brief, for appellee.

Before RUIZ and REID, Associate Judges, and KERN, Senior Judge.

RUIZ, Associate Judge:

Appellant contends that he had a right to be present and allocute when he was resentenced pursuant to a remand from this court to correct an illegal sentence. We hold that if, at a resentencing to correct an illegal sentence, the trial judge has discretion as to the convictions to be vacated or the sentence to be imposed, the defendant has a due process right to be present and allocute. This is so regardless of whether the resentencing is pursuant to a remand order of this court or a motion filed under Rule 35 of the Superior Court Rules of Criminal Procedure. Because the trial court in this case did not, as a matter of law, have discretion to resentence appellant other than as it did, appellant's absence from the resentencing hearing was not a violation of due process. Therefore, we affirm.

## I. Background

Appellant was convicted in 1991 of first-degree felony murder, two counts of armed robbery, and possession of a firearm during a crime of violence. The evidence at trial established that while appellant committed an armed robbery of one person, one of his two companions shot and killed a second person after attempting to rob her at gunpoint, and his other cohort robbed and assaulted yet a third victim with another gun. Appellant was sentenced to three concurrent terms of five to fifteen years, one for each of the two armed robbery convictions and one for possession of a firearm during a crime of violence or dangerous offense. Those sentences were to run consecutively to a twenty-year to life term for felony murder. On direct appeal, this court affirmed appellant's convictions in an unpublished opinion. *See Mooney v. United States*, No. 92–CF–32 (D.C. Oct. 6, 1993).

On February 13, 2001, appellant filed a *pro se* "Motion to Correct or Modify Sentence Pursuant to Title 23 D.C.Code Section 110 (1981)," in which he argued that his consecutive sentences for felony murder and armed robbery violated the Double Jeopardy Clause of the Fifth Amendment. The trial court treated this motion as a motion to correct an illegal sentence pursuant to Superior Court Criminal Rule 35(a), and concluded that the sentence did not violate the Fifth Amendment.

On appeal, the government initially agreed in its brief that one of appellant's convictions for armed robbery should be vacated since it merged with the felony murder conviction. It then filed a motion to remand with instructions to vacate both convictions for armed robbery "to resentence appellant on the remaining convictions in order to effectuate the trial court's original sentencing scheme."

We did not immediately respond to the government's motion to remand. Instead, we appointed counsel for appellant and directed that the parties file supplemental briefing on the issue of merger of the two armed robbery convictions and the felony murder conviction. On September 29, 2003, we issued a Memorandum Opinion and Judgment remanding the case for resentencing. *Mooney v. United States,* No. 01–CO–87, 832 A.2d 753 (D.C. Sept.29, 2003).

Prior to the resentencing hearing, appellant's counsel filed an unopposed motion to return appellant to the District of Columbia[1] for resentencing, claiming that because the case had been remanded, ap-

pellant was "before the Court for resentencing as though he had not previously been sentenced in this case; therefore, pursuant to D.C.Crim. R. 32,[2] his presence is required for a sentencing hearing." The motion also requested a status hearing to "establish the procedure for resentencing" and noted that counsel had "discussed this motion with Asst. U.S. Attorney Robert Okun, who does not oppose it." Subsequently, on February 3, 2004, the trial court issued an order for appellant to be returned for a status hearing on April 1, 2004.

Despite the trial court's order, appellant was not brought to the courthouse for the status hearing. Discussing the nature of the resentencing hearing that was to take place, appellant's counsel asserted that it was "essentially a re-sentencing de novo," and that therefore appellant should be present. The government argued that it was not a new resentencing, but "merely a correction of sentence," and, therefore, pursuant to Superior Court Criminal Rule 43(c)[3], the defendant did not have a right

---

1. At the time, appellant was incarcerated in Jonesville, Virginia.

2. Superior Court Criminal Rule 32(c) provides:

 (c) *Sentencing.* (1) Allocution. Before pronouncing sentence, the Court shall inquire on the record whether the defendant and defendant's counsel have had the opportunity to read and discuss any presentence investigation report made available pursuant to subdivision (b)(3)(A) or summary thereof made available pursuant to subdivision (b)(3)(B). The Court shall afford the defendant or the defendant's counsel an opportunity to comment and, at the discretion of the Court, to introduce testimony or other information relating to any alleged factual inaccuracy contained in the presentence investigation report. The Court shall also afford counsel an opportunity to speak on behalf of the defendant and shall address the defendant personally and ask if the defendant wishes to make a statement in the

defendant's own behalf and present any information in mitigation of punishment. The prosecutor shall have an equivalent opportunity to address the Court and present information pertinent to sentencing.

3. Superior Court Criminal Rule 43 reads in full:

 Rule 43. Presence of the defendant.

 (a) *Presence required.* The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this Rule.

 (b) *Continued presence not required.* The further progress of the trial to and including the return of the verdict shall not be prevented and the defendant shall be considered to have waived the right to be present whenever a defendant, initially present,

 (1) Is voluntarily absent after the trial has commenced (whether or not the defen-

to be present or to allocute. The court ordered both parties to submit written arguments in support of their respective positions.

After considering the parties' written submissions, the trial court ruled that because it chose to vacate appellant's two armed robbery convictions, and preserve the felony murder with the mandatory minimum sentence of twenty years to life, effectively reducing the overall sentence by five years, appellant did not have a right to be present. The trial court supported this conclusion by reference to our opinion in *Wells v. United States*, 469 A.2d 1248 (D.C.1983) (per curiam), in which we held that a defendant's presence was not required when the trial court vacated a conviction for arson underlying a conviction for felony murder pursuant to the defendant's Rule 35 motion to correct an illegal sentence.[4] The trial court observed that if it vacated the two underlying armed robbery convictions, appellant would be in the same position as the defendant in *Wells*. "Moreover," the trial court reasoned, "the defendant will actually receive a sentence less than what was envisioned by the Court by its making the armed robbery sentences (one or both) consecutive to the felony murder sentence...." Because the court concluded that a "defendant need not be present at a reduction of sentence," *see* Super. Ct.Crim. R. 43, *supra* n. 4, the trial court ordered, without appellant being present at a hearing, that the two armed robbery convictions be vacated and subsequently amended appellant's judgment and commitment order to eliminate the sentences previously imposed

dant has been informed by the Court of the obligation to remain during the trial), or

(2) After being warned by the Court that disruptive conduct will cause the removal of the defendant from the courtroom, persists in conduct which is such as to justify exclusion from the courtroom.

(c) *Presence not required.* A defendant need not be present:

(1) When represented by counsel and the defendant is a corporation or other person not an individual;

(2) When the offense is punishable by fine or by imprisonment for not more than one year or both, and the Court, with the written consent of the defendant, permits arraignment, plea, trial, and imposition of sentence in the defendant's absence;

(3) When the proceeding involves only a conference or hearing upon a question of law; or

(4) When the proceeding involves a reduction or correction of sentence under Rule 35.

4. Superior Court Criminal Rule 35(a) & (b) provide:

Rule 35. Correction or reduction of sentence or collateral; setting aside forfeiture.

(a) *Correction of sentence.* The Court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

(b) *Reduction of sentence.* A motion to reduce a sentence may be made not later than 120 days after the sentence is imposed or probation is revoked, or not later than 120 days after receipt by the Court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or not later than 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The Court shall determine the motion within a reasonable time. After notice to the parties and an opportunity to be heard, the Court may reduce a sentence without motion, not later than 120 days after the sentence is imposed or probation is revoked, or not later than 120 days after receipt by the Court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or not later than 120 days after entry of any order or judgment of the Supreme Court, denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this paragraph.

for those convictions, which, as noted, reduced appellant's overall sentence by five years. This is the order appealed to us.

## II. Due Process Right to be Present at Resentencing and Rules 35 and 43

 "[A] defendant is constitutionally 'guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his [or her] presence would contribute to the fairness of the procedure.'" *Kimes v. United States*, 569 A.2d 104, 108 (D.C.1989) (quoting *Kentucky v. Stincer*, 482 U.S. 730, 745, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987)), *quoted in Frye v. United States*, 926 A.2d 1085, 1102 (D.C.2005). This includes the right to be present upon the imposition of sentence—"a fundamental [right] which implicates the due process clause." *Warrick*, 551 A.2d at 1334 (citing *United States v. Gagnon*, 470 U.S. 522, 526, 105 S.Ct. 1482, 84 L.Ed.2d 486 (1985) (per curiam)), *quoted in Frye*, 926 A.2d at 1102; *see United States v. Behrens*, 375 U.S. 162, 166, 84 S.Ct. 295, 11 L.Ed.2d 224 (1963) (holding that it is error to impose a final sentence in absence of the defendant and his counsel); *Kerns*, 551 A.2d at 1337 ("Vacation of his illegal sentence placed appellant in the same position as if he had never been sentenced. Thus, his resentencing is a *de novo* proceeding at which he must be afforded the opportunity to allocute."); Super. Ct.Crim. R. 43(a) ("The defendant shall be present ... at every stage of the trial including ... the imposition of a sentence, except as otherwise provided by this Rule."), *quoted in Frye*, 926 A.2d at 1102. Additionally, Superior Court Rule of Criminal Procedure 32(c)(1) provides that at the time of sentencing, the defendant shall have the right to allocute, that is, to present any information in mitigation of punishment, and to make a statement on his

or her "own behalf." Super. Ct. Crim R. 32(c)(1). However, Superior Court Rule of Criminal Procedure 43 provides that a defendant is not required to be present "[w]hen the proceeding involves a reduction or correction of sentence under Rule 35." Super. Ct. Crim R. 43(c)(4). Rule 35 states that the court "may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein...." Super. Ct.Crim. R. 35(a).

Some of our cases have excused a defendant's absence from a resentencing hearing relying primarily on the exception contained in Rule 43(c)(4) when the defendant is to be resentenced "for reduction or correction of sentence under Rule 35." For example, in *Wells*, a case on which the trial court relied and which appellee cites on appeal, the defendant filed a Rule 35 motion to vacate his sentence, and, specifically, to set aside his arson conviction, which he argued merged with his conviction for felony murder. *See* 469 A.2d at 1249. The trial court agreed with Wells's argument, and, after a hearing at which defense counsel, but not Wells himself, was present, the trial court issued a corrected order vacating the sentence for arson, and reimposing the original sentences on the other counts (three counts of felony murder and two counts of assault with intent to kill), effectively reducing the sentence overall by three years. *See id.* On appeal, this court rejected the argument that the defendant had a right to be present at the resentencing, relying solely on the fact that defendant had captioned his motion to vacate the sentence as one under Rule 35, and applying the exception in Rule 43 to the requirement that the defendant be present and to Rule 32's requirement that the defendant be afforded an opportunity to allocute at sentencing. *Wells* relied on cases interpreting federal Rules 35[5] and

---

**5.** We note that our Rule 35 reflects federal Rule 35 as it existed prior to 1987. *See* 5

43, which the court found to "reflect the intent of the applicable rules," *id.* at 1250: *United States v. Connolly*, 618 F.2d 553

Mark S. Rhodes, Orfield's Criminal Procedure Under the Federal Rules § 35:1, at 409 (2d ed.1987). The federal rule has twice been amended since 1987, with both revisions tending toward narrowing its scope, and, as a consequence, narrowing the exceptions to the defendant's required presence under Rule 43. *See* FED.R.CRIM.P. 35 (1985); FED. R.CRIM. P. 35 (1987); FED.R.CRIM.P. 35 (2004). Federal Rule 35 now provides only two opportunities for a defendant to move to correct or reduce a sentence under its strictures: within seven days of the pronouncement of sentence, for correction of technical errors (correction), and when the defendant has provided prosecutorial assistance to the government in another criminal case (reduction). *See* FED. R.CRIM.P. 35 (2005). Therefore, federal Rule 43 excuses a defendant's presence for only these two modifications of a defendant's sentence, one of which is technical and as to which the trial court has little or no discretion. *See* Fed.R.Crim.P. 35, 43. The District's Rule 43, however, excuses the defendant's presence based on any reduction or correction of sentence under Rule 35, which, as we discuss in the text, may infringe on the defendant's due process rights, depending on whether the trial court has any discretion in resentencing. Super. Ct.Crim. R. 35, 43. *Wells* and the cases it relied upon as "reflect[ing] the intent of the applicable rules," were all decided before federal Rule 35 was revised in 1987. *See* 469 A.2d at 1250 (citing *Connolly*, 618 F.2d 553 (decided in 1980); *McClintic*, 606 F.2d 827 (decided in 1979); *McCray*, 468 F.2d 446 (decided in 1972)).

**6.** In *United States v. Connolly*, the Ninth Circuit considered a mandatory increase in a defendant's sentence—the addition of a three-year special parole term pursuant to controlling statutes—which had been ordered by the trial court without giving the defendant an opportunity to allocute, although he was present and represented by counsel at the proceedings. *See* 681 F.2d at 555–56. The illegality of the defendant's original sentence had been brought to the trial court's attention by a Rule 35 motion filed by the government. *See id.* at 555. The appellate court held that although Rule 35 did not require defendant's presence, he was, in fact present at all times

(9th Cir.1980); *United States v. McClintic*, 606 F.2d 827 (8th Cir.1979); *United States v. McCray*, 468 F.2d 446 (10th Cir.1972).[6]

during the proceedings to correct his sentence, and "[n]othing defendant could say on his own behalf would aid the trial court in modifying and correcting the sentence, when the modification is mandatory by statute and a *minimum* mandatory sentence is given, as it was here. Thus appellant was not hurt or prejudiced in any way." *Id.* at 556. In so ruling, the Ninth Circuit court looked beyond the plain language of Rules 35 and 43 and considered the defendant's inability to affect the resentencing proceedings, since, in effect, the trial court's hands were tied in how it was to correct the sentence, and in fact imposed the minimum sentence mandated by law.

In *McClintic*, the defendant filed a motion attacking his sentence and for correction of sentence under Rule 35. *See* 606 F.2d at 827–28. The trial court consequently reduced defendant's total sentence by five years. *Id.* at 828. The defendant appealed, claiming he should have been present at this resentencing. The Eighth Circuit held that because the overall sentence was reduced pursuant to a Rule 35 motion, defendant's presence was not required. *Id.* at 828–29.

In *McCray*, the defendant was convicted of escape and sentenced by the federal district court to a term of three years with parole eligibility to be determined under the prevailing statute and with the sentence to run consecutively to a sentence defendant was then serving for a violation of Colorado law. *See* 468 F.2d at 450. In response to the defendant's request for clarification as to whether the time he served between arrest and sentence on the escape charge was to be credited to the federal sentence or the Colorado sentence, the court entered an order, without the presence of the defendant or his counsel, that the time should be credited to the federal sentence for escape. About five months later, the court retracted its order that the time should be credited to the federal sentence, and issued a new order stating that its previous order had been in error. *See id.*

The defendant appealed the second order, claiming that the trial judge had impermissibly increased the term of his escape sentence out of his presence. *See id.* The government countered that it was the first order that was void because it was entered without the pres-

Similarly, in *Bennett v. United States,* 620 A.2d 1342 (D.C.1993), the second case on which the trial court and appellee rely, the defendant filed a Rule 35 motion to correct his sentence, arguing that his burglary conviction merged with his conviction for felony murder.[7] The trial court denied the motion, as the felony murder conviction was not premised on the burglary charge, but stated that, " '[a]t most, although it will not affect the total time to be served, [defendant] is entitled to an order vacating his felony murder conviction under the 'collateral effects' doctrine.' " *Id.* at 1344 (citing *Harling v. United States,* 460 A.2d 571, 573–74 (D.C. 1983)). As a result, the trial court vacated appellant's conviction and sentence for felony murder. *See id.* at 1344. The amended commitment order, however, erroneously resentenced appellant on the felony murder conviction, and not on his conviction for premeditated murder, although it stated that the "Amended Judgment and Commitment reflects order ... vacating felony murder conviction/sentence." *Id.* This court concluded that the amended commitment order was the result of clerical error, and remanded the case to the trial court so that the order could be corrected to reflect the judge's expressed intent to vacate the felony murder conviction only. *See id.* We rejected appellant's claim that he should have been present when the trial court vacated the conviction for felony murder and corrected his sentence, reasoning that Rule 35 motions to correct or reduce sentences require no opportunity for allocution. *See id.* at 1345–46 ("Because the trial judge vacated the felony murder count, the amended commitment order ... was a correction of sentence and, therefore, appellant had no right to be present.") (citing *Wells,* 469 A.2d at 1250). The court also noted that appellant could show no prejudice because his sentence remained unchanged regardless of which of the two murder convictions was vacated.

Our cases make clear, on the other hand, that a defendant's presence is constitutionally required where the trial court is vested with discretion in resentencing. Although these cases do not arise in a Rule 35 context, they substantively address the same question as the cases just discussed: whether a defendant must be allowed to be present and allocute at a resentencing. In *Warrick v. United States,* 528 A.2d 438, 439 (D.C.1987), for example, the defendant was found guilty of two counts of first-degree burglary while armed. One of the burglaries charged was with intent to steal, the other with intent to commit assault. *See id.* At the original sentencing hearing, the court announced that it would vacate one of the burglary convictions to avoid merger, and after the defendant allocuted, the judge vacated the armed burglary conviction based on an intent to steal, leaving the burglary conviction based on

---

ence of the defendant. *See id.* The Tenth Circuit held that the presence of the defendant was not required when the trial court reduced his sentence in the first order, by crediting time previously served, as the trial court effectively treated the request for clarification as a Rule 35 motion, for which the defendant's presence is not required under Rule 43. *See id.* (citing Fed. R.Crim. P. 35, 43). Because the sentence was reduced, "[h]e was in no way prejudice by his absence or the absence of his counsel." *Id.* However-

er, the court found that the second order retracting the previous order was invalid, both because it increased the sentence and because it was entered without the defendant's presence. *See id.* at 451 (citing *United States v. Benz,* 282 U.S. 304, 307, 51 S.Ct. 113, 75 L.Ed. 354 (1931); *Owensby v. United States,* 385 F.2d 58, 60 (10th Cir.1967); Fed. R.Crim.P. 43).

**7.** Bennett had also been convicted of first-degree (premeditated) murder. *See Bennett,* 620 A.2d at 1343.

intent to assault. *See id.* On direct appeal, this court held that there was insufficient evidence to sustain that conviction, and, after concluding that the evidence sufficed for the burglary conviction based on intent to steal, remanded the case with directions to "enter judgment on the count of first degree burglary while armed with intent to steal." *Id.* at 443.

Following the remand, the trial court, without a hearing, entered a judgment of conviction of burglary with intent to steal and vacated the conviction of burglary with intent to commit assault. *See Warrick v. United States,* 551 A.2d 1332, 1333–34 (D.C.1988). The new sentencing order reflected a sentence identical to that previously imposed for burglary with intent to commit assault. *See id.* at 1334. On appeal, the defendant argued that he should have been present at this resentencing. *See id.* Although the government argued that the trial court on remand was simply performing a " 'housekeeping task which in no manner affected appellant's sentence,' " this court disagreed. *Id.*

The court first reviewed the history and importance of the defendant's right to be present and allocute, stating:

> The law is clear that a defendant must be present in person at the time sentence is originally imposed and that he must be afforded the right of allocution.... A criminal defendant's right to be present at the time sentence is imposed, and to be heard as to what the punishment shall be, is a fundamental one which implicates the due process clause. Indeed, it is a "leading principle that pervades the entire law of criminal procedure ... that after indictment [is] found, nothing shall be done in the absence of the prisoner." Although a de-

fendant may, in extreme circumstances, forfeit his right to be present by engaging in disruptive behavior, the "dictates of humanity" require that he be accorded the opportunity to be present in the first instance.

> The requirement that the defendant be present when sentence is passed has deep common law origins. It not only serves the defendant's interest by facilitating allocution, but the state has an independent interest in requiring a public sentence in order to assure the appearance of justice and to provide a ceremonial ritual at which society pronounces its judgment.

> The positive law of this jurisdiction also provides unambiguous protection for these constitutionally based rights. Super. Ct.Crim. R. 43(a) requires a defendant's presence at the imposition of sentence. Once he is present, D.C.Code § 23–103 (1981) and Super. Ct.Crim. R. 32(c)(1) both provide that the defendant has a right to allocute in an effort to mitigate his punishment.

551 A.2d at 1334–35 & n. 2 (citations and quotations omitted). The court held that because the defendant had never been sentenced on the conviction that was supported by the evidence, the sentence on that conviction was being imposed for the first time on remand, and because "[h]e has therefore never been present at the imposition of sentence on that count," defendant's presence was required under Rule 43. *Id.* at 1335. We noted that "[a] crime against the person is generally regarded as more serious than one against property and, under the circumstances that now exist, [the defendant's] right so to argue is a meaningful one." *Id.*[8] The defendant's allocution at his original sen-

---

8. We noted that to point out this difference at the original sentencing hearing would have been counterproductive for the defendant as

he was then being sentenced for burglary based on intent to assault.

tencing did not suffice, we held, because the defendant "is now for the first time in a position to argue, without risk and with some force, that the sentence on the theft-related Count B should be less severe than the vacated ... sentence previously imposed on assault-related Count C." *Id.*

Similarly, in *Kerns v. United States*, 551 A.2d 1336 (D.C.1989), we held that the defendant was entitled to be present and allocute during a resentencing following a remand. The defendant had been sentenced to what the trial judge thought was the mandatory minimum of eighteen and a maximum of fifty-four years in prison for second-degree murder. On direct appeal, it was determined that *Haney v. United States*, 473 A.2d 393 (D.C.1984), dictated that the defendant's minimum sentence should be fifteen, not eighteen years, and we remanded the case so the trial court could correct the minimum sentence accordingly. *See id.* at 1337. On remand, without a hearing, the trial judge corrected the minimum sentence to fifteen years, but kept the maximum at fifty-four. *See id.* On appeal from this new sentence, defendant argued that he was entitled to allocute when the trial judge altered his sentence. *See id.* Specifically, appellant argued that the correction of his sentence was not pursuant to a Rule 35 motion, but rather a result of this court's recognition, on direct appeal, that the sentence was illegal, and therefore Rule 43's exception to the right of allocution did not apply. *See id.* This court agreed, concluding that because the original sentence was a legal nullity, vacation of that sentence "placed appellant in the same position as if he had never been sentenced. Thus, his resentencing is a *de novo* proceeding at which he must be afforded the opportunity to allocute." *Id.* at 1337.

Beyond the procedural route that had brought the matter to the trial court for resentencing, the *Kerns* court focused on the discretion afforded to the trial court in resentencing the defendant, stating that "[u]nlike *Wells*, this case presents a situation in which the trial judge on remand has discretion in resentencing appellant once the illegality is removed. Even though the judge on remand is likely to impose a sentence similar to that imposed initially by the trial judge, it is not inevitable...." *Id.* at 1337–38 (footnote omitted). The court continued, "[a]ppellant may be able to persuade the remand judge that [the original sentencing judge's] sentencing scheme indicated that he intended the maximum sentence to be no more than three times the minimum sentence imposed, or even that a different sentence with lesser penalties was appropriate. In any event, appellant must be afforded the opportunity to make his arguments before he is sentenced." *Id.* at 1338.

We engaged in the same reasoning in *Frye*, where the defendant was convicted of attempted aggravated assault while armed and assault with a dangerous weapon. *See* 926 A.2d at 1089. After the defendant was sentenced, the trial court issued two orders correcting his sentence to add a term of supervised release. *See id.* The defendant appealed, arguing that he should have been present when the trial court corrected his sentence by adding the term of supervised release. *See id.* at 1090. Even though the trial court was required by statute to add the term of supervised release, and therefore had no discretion in that regard, we noted that

> the court retained discretion to consider whether the length of incarceration previously imposed remained appropriate in light of the lengthy term of supervised release required. At a new sentencing hearing, appellant could have argued that a decrease in the time of incarceration was warranted because of the lengthy term of supervised release that

had to follow. Thus, we do not agree that the circumstances left the trial court without discretion or appellant without any meaningful way to contribute to the fairness of the procedure. *Id.* at 1103. Therefore, we concluded, the defendant was entitled to be present and to allocute.[9]

The federal circuits also recognize that where the trial court is vested with discretion on remand for resentencing, the defendant has a constitutional right to allocute, but that where there is no such discretion, the defendant's presence is not required. *See United States v. Faulks,* 201 F.3d 208, 211–12 (3d Cir.2000) (concluding that on a general remand to resentence, the District Court has discretion in imposing a sentence. "The defendant's presence at sentencing is a deeply rooted procedural protection and no mere formality. We see no reason why that principle should not carry full force at a resentencing."); *United States v. Parker,* 101 F.3d 527, 528 (7th Cir.1996) (holding defendant's presence unnecessary when resentencing is a nondiscretionary reduction of the original sentence); *United States v. Tamayo,* 80 F.3d 1514 (11th Cir. 1996) (declaring district court's failure to give defendant opportunity to allocute was not error when issue on resentencing was limited to a question of law and defendant did not request allocution despite being present in court); *see also United States v. Nolley,* 27 F.3d 80 (4th Cir.1994) (holding harmless any error in failing to have defendant represented by counsel at resentencing when resentencing was to conform to specific mandate from appeals court to vacate one of two convictions and any sentence other than that imposed would have constituted reversible error).

Although, in this case, the trial court treated appellant's § 23–110 motion as a Rule 35 motion to correct sentence,[10] that characterization does not end the inquiry on the question of the defendant's right to be present and allocute at resentencing. Following Supreme Court precedent, we have stated that "a defendant is constitutionally 'guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his [or her] presence would contribute to the fairness of the procedure,' " *Kimes,* 569 A.2d at 108 (alteration in original) (quoting *Stincer,* 482 U.S. at 745, 107 S.Ct. 2658), but "the presence of a defendant is a condition of due process only to the extent that a fair and just hearing would be thwarted by his absence...." *Frye,* 926 A.2d at 1103 (quoting *Gagnon,* 470 U.S. at 526, 105 S.Ct. 1482). While Rule 43 does not *require* a defendant's presence at a resentencing pursuant to a Rule 35 motion, it does not *prohibit* a defendant's presence. Neither our cases applying Rule 43, nor Rule 43 itself, may be read to excuse a defendant's presence at a critical stage of proceedings that would otherwise be con-

---

9. The court affirmed, however, concluding that the error was harmless because
> (1) the sentence correction affects only a mandatory release provision; (2) the trial court was aware of the requirement to impose a release term at the time of sentencing, being mistaken only as to its term; and (3) in denying the motion to reduce, the trial court made clear that the original sentence was lenient—leaving no reasonable possibility that the court would have reduced the term of incarceration further.

*Frye,* 926 A.2d at 1103.

10. This was completely within the trial court's authority to do. *See, e.g., Brown v. United States,* 795 A.2d 56, 60(D.C.2002) (noting that appellant's procedurally barred 23–110 motion to vacate his sentence could be properly construed as a Rule 35 motion, since he was claiming that the trial court "imposed multiple punishments for a single offense in violation of the Double Jeopardy Clause," which is "a claim that his sentence was illegal.").

stitutionally guaranteed. If a defendant can contribute to the fairness of the proceeding before the trial court, that defendant has a due process right to be present. *See Kimes,* 569 A.2d at 108.

### III. The Resentencing in this Case

■ In this case, appellant's arguments, as well as the trial court's consideration of appellant's request to be present at resentencing, are based on an understandable misapprehension of the discretion with which the trial court was vested by our remand order. Our opinion remanding the case stated that the trial court should vacate *either* the two armed robbery convictions [11] *or* the felony murder conviction and "resentence Mr. Mooney accordingly." [12] We did not, as we sometimes do, direct the trial court as to which conviction(s) to vacate; nor did we instruct the trial court, as we sometimes do, to resentence "in accordance with its original sentencing plan." *See Garris v. United States,* 491 A.2d 511, 514 (D.C.1985) (noting that in remand instructions to cure double jeopardy violations, "[w]e have consistently approved this practice of permitting trial judges to implement their original sentencing schemes"); *see, e.g. Brown, supra,* 795 A.2d at 60; *Green, supra,* 718 A.2d at 1063 ("[W]e remand [appellant's] case to permit the trial court to determine which counts should merge with others and resentence accordingly to 'allow[ ] the trial court to effectuate its original sentencing plan without violating the Double Jeopardy Clause.' ") (alteration in original) (quoting *Garris,* 491 A.2d at 514); *Bean v. United States,* 606 A.2d 770, 772 (D.C. 1992); *Catlett v. United States,* 545 A.2d 1202, 1219 (D.C.1988); *Malloy v. United States,* 483 A.2d 678, 681 (D.C.1984); *Thorne v. United States,* 471 A.2d 247, 249 (D.C.1983).

Appellant argued to the trial court that because it had "broad discretion" to resentence appellant *de novo,* he had a right to be present and allocute. The government countered that because appellant's § 23–110 motion was functionally equivalent to a Rule 35 motion, his presence was not required, pursuant to Rule 43(c)(4). The government did not contest that the court had a choice as between the armed robberies and the felony murder convictions, but argued that because the remand order instructed that resentencing be according to the original sentencing plan, the trial court's discretion was limited to imposition of the minimum sentence of twenty years to life mandated by statute. The government's latter argument was based on a mistaken premise, as the remand order was not so limited. As a result, the trial

---

11. We note that the conclusion that both armed robberies merged with the felony murder is driven by the wording of the indictment in this case and not required by double jeopardy concerns. Where two different persons are robbed, as here, even though the underlying felony conviction (armed robbery) merges into the felony murder conviction related to the *same* victim, *see Green v. United States,* 718 A.2d 1042, 1063 (D.C.1998), the armed robbery conviction against *another* person stands.

12. The remand order stated:
 [B]ecause the indictment in the instant case named both robberies as predicate offenses to the felony murder charge, the government concedes that appellant's two robbery convictions merge with the felony murder conviction. For this reason, we remand the matter to the trial court to vacate either the two armed robbery convictions or the felony murder conviction and resentence Mr. Mooney accordingly. *Bonhart v. United States,* 691 A.2d 160, 164 (D.C.1997); *Price v. United States,* 531 A.2d 984, 989 n. 7 (D.C.1987); *Whalen v. United States,* 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980).
 *Mooney v. United States,* No. 01–CO–87, 832 A.2d 753, slip op. at 1–2 (Sept. 29, 2003).

court evaluated appellant's request—as it was bound to do—within the context of the non-specific (either/or) terms of our remand order, and (mistakenly) believed it was bound to resentence appellant in accordance with the original sentencing plan.

The trial court recognized that the difference in the consequences flowing from the choice as between the armed robbery convictions or the felony murder conviction was great.[13] If the trial court vacated appellant's two armed robbery convictions, as it did, appellant would be left with, at least, a mandatory minimum sentence of twenty years to life on the felony murder conviction, reducing his original sentence by five years. On the other hand, if the trial court were to vacate the felony murder conviction, as the remand order purported to permit it to do, appellant could have been sentenced, at the most lenient end of the spectrum, to two concurrent five to fifteen year terms on the armed robbery convictions, to run concurrently with the five to fifteen year sentence for possession of a firearm during a crime of violence or dangerous offense, which would have reduced appellant's sentence by twenty years and made him eligible for immediate release. Even if the trial court were unlikely to so drastically reduce appellant's sentence, the trial court could have sentenced appellant to three consecutive five to fifteen year terms for the two armed robberies and the one firearm possession count, in which case his minimum sentence would have been reduced by ten years. If those options had been available to the court, appellant would have had a right to be present and allocute.

But none of these hypothetical sentences was legally available. The purpose of resentencing in a case like this is to correct the illegality[14] of a sentence that

13. The trial court noted that, unlike *Wells*, the remand order had given it "the option"—incorrectly, as we hold *infra*—"of vacating the felony murder conviction and resentencing the defendant on armed robbery convictions." The trial court recognized that "[w]hile that procedure might ... require the presence of the defendant, the defendant's presence is not required if the armed robbery convictions are vacated," citing this court's decisions in *Warrick v. United States*, 551 A.2d 1332 (D.C. 1988), and *Kerns v. United States*, 551 A.2d 1336 (D.C.1989), which held that where the trial court is vested with discretion in resentencing a defendant, the defendant's presence is required. The trial court concluded, however, that, in this case, it "does not have that kind of discretion," reasoning that if it were to vacate the armed robbery convictions, "it must sentence the defendant to 20 years to life, the mandatory minimum sentence for felony murder while armed," citing D.C.Code §§ 22–2401, –2404 (1981). On the other hand, the court noted, if it "vacates the conviction for felony murder while armed, the court may change the armed robbery sentences but only in order to 'effectuate its original sentencing plan,'" quoting *Garris*, 491 A.2d at 514. In light of the sentence it origi-

nally imposed, the court "s[aw] no discretion—certainly not of the type that existed in *Warrick* and *Kerns*—in determining what sentence would best effectuate its sentencing plan." As we note in the text, the remand order did not, in fact, purport to cabin the judge's resentencing to the original sentencing plan.

In conclusion, the trial court again noted that

[i]t is arguable that a defendant needs to be present if the Court vacates the felony murder conviction and resentences the defendant on the armed robbery convictions.... The Court, however, need not reach the issue of whether the defendant would need to be present if the Court vacated the felony murder conviction. If the Court vacates the armed robbery convictions, the court need only leave the *felony murder sentence intact.*

14. The "illegality" does not imply trial court error as we have established that the trial court should enter convictions on all guilty verdicts returned by the jury, subject to review by this court on appeal on "issues other than the validity of the sentence alone." *Garris*, 491 A.2d at 515. Once the appeal is

violates double jeopardy's bar on the imposition of "multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).[15] There are certain situations where vacating either one of two convictions, say first-degree premeditated murder and felony murder (of the same person), is necessary to cure the double jeopardy problem, for a person may stand convicted only once for a single murder. *See Parker v. United States*, 692 A.2d 913, 918 n. 9 (D.C.1997).[16] But where the illegality of multiple punishments results from convictions of a greater and a lesser-included offense, the double jeopardy bar is fully addressed, and the illegal sentence corrected, by merging the lesser into the greater offense so that only the latter remains, *unless*—and this is an important caveat—there is clear legislative intent that punishment should be imposed for both. This is because the touchstone of double jeopardy analysis in determining what is the "same offense" is legislative intent. *See Ex Parte Lange*, 85 U.S. (18 Wall.) 163, 176, 21 L.Ed. 872 (1874) (imposition of jail sentence *and* fine constituted double jeopardy where statute provide for either sentence *or* fine). "[T]he Double Jeopardy Clause prohibits punishment in excess of that authorized by the legislature." *Jones v. Thomas*, 491 U.S. 376, 383, 109 S.Ct. 2522, 105 L.Ed.2d 322 (1989) (citing *United States v. DiFrancesco*, 449

U.S. 117, 139, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980)). In interpreting whether two offenses prescribed by D.C. law constitute the "same offense" for purposes of double jeopardy, in the absence of clear legislative intent to the contrary, we follow the "rule of statutory construction," *Albernaz v. United States*, 450 U.S. 333, 340, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981), set down in *Blockburger v. United States:* "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). *Cf. Missouri v. Hunter*, 459 U.S. 359, 368–69, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983) (where Missouri law intended cumulative punishment under two statutes, even if considered "same offense" under *Blockburger*, Double Jeopardy clause does not preclude imposition of cumulative punishments in single trial); *see also Whalen v. United States*, 445 U.S. 684, 691, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980) (holding that D.C.Code § 23–112 prohibits imposition of consecutive sentences for offenses considered the "same" under *Blockburger*). Applying *Blockburger*, felony murder and the underlying felony, in this case, armed robbery, are not separate offenses, and felony murder is undoubtedly the greater offense. As the Supreme Court has observed, "[i]t cannot be suggested seriously that the leg-

concluded and the validity (other than double jeopardy) of the challenged convictions resolved, the case is remanded so that multiple convictions that violate double jeopardy can be vacated, and the defendant resentenced accordingly. *See id.*

**15.** The Double Jeopardy Clause also protects against successive prosecutions for the same offense, precludes the government from reprosecuting after an acquittal, and safeguards a defendant's legitimate expectation in the finality of the sentence imposed. *See Whalen*, 445 U.S. at 700, 100 S.Ct. 1432 (Rehnquist,

J., dissenting). None of these other aspects of double jeopardy is before us.

**16.** "If the premeditated murder conviction remains as the murder conviction, the felony murder convictions will be vacated but the underlying felonies will stand. If the felony murder conviction[ ] remains as the murder conviction, the underlying felony of that murder will be vacated...." *Green*, 718 A.2d at 1063 n. 28 (citing *Bonhart v. United States*, 691 A.2d 160, 164 (D.C.1997)).

islature intended an attempted robbery conviction to suffice as an alternative sanction for murder." *Jones,* 491 U.S. at 384–85, 109 S.Ct. 2522. We therefore make explicit what has been implied in our remand orders over the years: absent legislative intent otherwise, when resentencing to respect the double jeopardy bar on multiple punishments for the same offense where the defendant has been convicted of a greater and lesser-included offense, the trial court has but one course, to vacate the lesser-included offense. *Franklin v. United States,* 392 A.2d 516, 519 n. 3 (D.C. 1978) ("[W]here an appellant has been convicted of both the crime and a lesser included offense, the appropriate appellate remedy is vacation of the lesser included offense.")[17] (citing *Franey v. United States,* 382 A.2d 1019, 1021 (D.C.1978)).

That is what the trial judge did in this case, vacate the lesser-included offense of armed robbery in favor of the conviction for felony murder. Moreover, the felony-murder offense of which appellant was convicted carries a mandatory minimum sentence of twenty years, *see* D.C.Code §§ 22–2401, –2404 (1991 Supp.), which is the sentence that the trial judge imposed. As the trial judge had no discretion to sentence appellant other than as he did, due process did not require appellant's presence or safeguard his right to allocute. For this reason, the judgment of conviction on remand is

*Affirmed.*

---

**17.** In cases where a verdict of guilty on the greater offense necessarily implies a finding of guilt on the lesser-included offense, "[t]he rationale for this remedy is that ... the jury should have been charged to consider the lesser included offense only if it had already determined that the appellant was not guilty of the main offense." *Franklin,* 392 A.2d at 519 n. 3; *see United States v. Gaddis,* 424 U.S. 544, 550, 96 S.Ct. 1023, 47 L.Ed.2d 222 (1976) (establishing a "rule of priority" for jury consideration of greater and lesser-included offenses). Because of the *sui generis* nature of felony murder, this rationale does not apply.