NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2018 VT 108

No. 2017-267

| | |
|---|---|
| State of Vermont | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Bennington Unit, |
| | Criminal Division |
| | |
| Michael W. Tobin | May Term, 2018 |

William D. Cohen, J.

Alexander Burke, Bennington County Deputy State's Attorney, Bennington, for
  Plaintiff-Appellee.

Allison N. Fulcher of Martin & Associates, Barre, and Michael Tobin, Pro Se, Camp Hill,
  Pennsylvania, for Defendant-Appellant.


PRESENT: Reiber, C.J., Skoglund, Robinson, Eaton and Carroll, JJ.


¶ 1. **REIBER, C.J.** Defendant appeals his conviction and sentence for aggravated sexual assault in violation of 13 V.S.A. § 3253(a)(8). We affirm.

¶ 2. In October 2015, the State charged defendant with aggravated sexual assault in violation of 13 V.S.A. § 3253(a)(8) based on allegations that defendant had sexually abused his biological son while the child was under the age of thirteen. After a jury trial in December 2016, the jury found defendant guilty.

¶ 3. After a hearing in July 2017, the trial court sentenced defendant to serve fifteen to twenty-five years, with credit for time served. After defendant left the room, but before the hearing concluded, the State suggested to the court that 13 V.S.A. § 3271(b) required a maximum life

sentence for a conviction under 13 V.S.A. § 3253(a)(8). The court retained the initial sentence and instructed the State to file a motion, and the State accordingly filed a motion on the next business day to correct the sentence pursuant to Vermont Rule of Criminal Procedure 35. The court held a hearing on the State's motion in August 2017, at which defendant and his counsel were present, but it did not make a decision at that time. In November 2017, the court issued an order correcting defendant's sentence to fifteen years to life. Defendant timely appeals.

¶ 4. On appeal, defendant was represented by counsel, who submitted a brief on defendant's behalf. We also granted defendant permission to submit a separate brief and to make oral argument. Defendant, on his own and through counsel, makes several arguments on appeal. We understand the arguments as follows: (1) there was insufficient evidence that the victim was under thirteen years old because the State provided no evidence of the victim's date of birth; (2) defendant was not properly informed of the charge; (3) there was a Brady violation because the State withheld recordings of witnesses' statements; (4) defendant's counsel provided ineffective assistance; (5) the State violated 3 V.S.A. § 129a; (6) the case was outside the statute of limitations; (7) his conviction violated the Double Jeopardy Clause and was untimely filed; and (8) the trial court committed plain error in correcting defendant's sentence when he was not present. We address each argument in turn.

I. Insufficient Evidence

¶ 5. Defendant argues that the State produced insufficient evidence to prove the complainant was under thirteen years old, which is an element of the crime under 13 V.S.A. § 3253(a)(8), because the State did not establish the complainant's date of birth. To consider a challenge based on the sufficiency of the evidence, we review the State's evidence "in the light most favorable to the prosecution and excluding any modifying evidence," and we decide "whether that evidence sufficiently and fairly supports a finding of guilt beyond a reasonable doubt." State v. Brochu, 2008 VT 21, ¶ 21, 183 Vt. 269, 949 A.2d 1035 (quotation omitted). Here the State

2

presented evidence that the conduct underlying the criminal charge took place between January 2007 and March 2007 and that the complainant was seventeen years old in December 2016. The complainant also testified that he was six or seven years old when the assault occurred. This evidence was not contested and amply supports the conclusion that the complainant was under thirteen years old when the offending conduct occurred.

## II. Informed of Charge

¶ 6.     Defendant argues that he was never properly informed of his charge. Perhaps confusingly, there are two similarly numbered sections in Title 13: § 3253(a)(8) and § 3253a(a)(8). Section 3253(a)(8) criminalizes sexual assault of a victim under thirteen years old by a person at least eighteen years old. Section 3253a(a)(8) criminalizes "repeated nonconsensual sexual acts as part of the same occurrence" or "as part of the actor's common scheme and plan" where the actor is at least eighteen years old and the victim is less than sixteen years old. Defendant suggests the State charged him with violating § 3253a(a)(8), rather than § 3253(a)(8), without properly informing him that it had done so. He also points out that § 3253a was not in effect until 2009.

¶ 7.     Unquestionably, "[o]ne of the most fundamental principles of our criminal justice system is that a person charged with a crime must be notified of the charges against him." State v. Cadorette, 2003 VT 13, ¶ 4, 175 Vt. 268, 826 A.2d 101. That notice must be "official, on the record notice." Id. (requiring notice pursuant to V.R.Cr.P. 5, which requires appearance before judicial officer who will inform defendant of charge, and V.R.Cr.P. 10, which requires arraignment at which information is read to defendant, unless defendant waives reading). The record shows defendant was given a copy of the information and the supporting police affidavit, and he waived a reading of the information at his arraignment hearing in October 2015. The information by the State's attorney states that the State charged him with conduct "in violation of 13 V.S.A. § 3253(a)(8)." Defendant received proper notice of his charge. Additionally, given that the State charged defendant with violating § 3253(a)(8), defendant's argument that he was charged under

3

an ex post facto law is without merit.  Section 3253(a)(8), in its current form, has been in effect since May 2006, before the charged conduct occurred.  2005, No. 192 (Adj. Sess.), §§ 10, 32 (amending statute to raise victim's age from ten years old to thirteen years old).

### III.  Brady violation

¶ 8.     Defendant contends that the State violated its obligation under Brady v. Maryland, 373 U.S. 83 (1963), by withholding certain recordings of police interviews.  The State violates the Brady rule if it suppresses material evidence favorable to the defendant, resulting in prejudice to the defendant.  Id. at 87; State v. LeClaire, 2003 VT 4, ¶ 8, 175 Vt. 52, 819 A.2d 719.  Here defendant does not show that the State failed to disclose any evidence required to be disclosed by Vermont Rule of Criminal Procedure 16, and thus we conclude there is no Brady violation.

¶ 9.     At the August 2017 hearing, defendant argued there had been a Brady violation because the State had withheld recordings of police interviews with the victim and two other witnesses.  But the record reflects the State and defendant's attorney acknowledged the recordings at issue had been delivered to defendant's attorney.  See United States v. Anspach, 910 F.2d 524, 526 (8th Cir. 1990) (finding no Brady violation when required disclosure was made to defense counsel); Halliwell v. Strickland, 747 F.2d 607, 609 (11th Cir. 1984) (same).  Defendant's request to the court was that his attorney, not the State, turn over the requested discovery to him.  Given that context, it appears defendant's Brady-violation argument in this appeal relates to his concern about ineffective assistance of counsel.

### IV.  Ineffective Assistance of Counsel

¶ 10.     Defendant claims his attorney provided ineffective assistance because he failed to call certain witnesses during the trial at defendant's request.  As stated above, his argument includes his attorney's failure to share the witness interviews with him.  We generally do not consider an argument based on ineffective assistance of counsel on direct appeal, and we see no reason to make an exception here.  See State v. Judkins, 161 Vt. 593, 594, 641 A.2d 350, 352

4

(1993) (mem.) (stating that "[g]enerally, the question of ineffective assistance of counsel is limited to petitions for post-conviction relief" because Court lacks adequate record to review claim on direct appeal); State v. Gabaree, 149 Vt. 229, 232-33, 542 A.2d 272, 274 (1988) ("[T]he proper avenue of raising the issue of ineffective assistance of counsel is through a motion for post-conviction relief, and not through a direct appeal of a conviction."); see also 13 V.S.A. § 7131 (authorizing prisoner to file petition for post-conviction relief with civil division of superior court).

## V.  Violation under 3 V.S.A. § 129a

¶ 11.  Defendant claims the State violated 3 V.S.A. § 129a, which prohibits a "licensee" from engaging in "unprofessional conduct," including "[w]illfully making or filing false reports or records." 3 V.S.A. § 129a(a)(7). A "licensee" in this chapter refers to professionals licensed or permitted by the Office of Professional Regulation. Id. §§ 121-122. These professionals include architects, chiropractors, and engineers, but not attorneys. Id. This Court has exclusive regulatory authority over Vermont attorneys, including prosecutors. Vt. Const. ch. II, § 30 ("The Supreme Court shall have . . . disciplinary authority concerning all . . . attorneys at law in the State."); In re Brittain, 2017 VT 31, ¶ 17, 204 Vt. 572, 169 A.3d 1295 (affirming this Court's "unique constitutional responsibility with respect to the regulation of the practice of law" and its "plenary authority to regulate admission and practice of law before Vermont courts" (citation omitted)).

¶ 12.  In any case, by stating nothing but that the State somehow violated this statute, defendant has failed to brief the issue adequately for our review. See Pcolar v. Casella Waste Sys., Inc., 2012 VT 58, ¶ 19, 192 Vt. 343, 59 A.3d 702, as amended on denial of reh'g (Aug. 28, 2012) (holding plaintiff's two-sentence statement that judge erred by not providing requested discovery was inadequate briefing for review, even given the "wider leeway afforded to pro se litigants" (quotation omitted)); King v. Gorczyk, 2003 VT 34, ¶ 21 n.5, 175 Vt. 220, 825 A.2d 16 (declining to address inmate's constitutional challenges because briefing was inadequate); V.R.A.P. 28(a)(4) (setting requirements for adequate briefing).

## VI. Statute of Limitations

¶ 13.    Defendant claims that at the time of the conduct underlying his sexual assault charge, the relevant statute of limitation barred claims more than six years after the offending conduct occurred.  This is incorrect.  The offending conduct charged against defendant in this case occurred between January 1, 2007, and March 7, 2007.  The State charged defendant with a violation of 13 V.S.A. § 3253(a)(8), aggravated sexual assault, which the Legislature has not changed since 2006.  2005, No. 192 (Adj. Sess.), §§ 10, 32.  The statute of limitations relevant to aggravated sexual assault is 13 V.S.A. § 4501(a).  Section 4501(a) permits the State to prosecute a defendant for aggravated sexual assault "at any time after the commission of the offense."  Section 4501(a)'s language with regard to aggravated sexual assault has not changed since 1990.  See 1989, No. 292 (Adj. Sess.), § 1.

## VII. Double Jeopardy Clause and Timely Filing

¶ 14.    Defendant argues that the court imposed two sentences for the same crime in violation of the Double Jeopardy Clause.  U.S. Const. amend. V; In re Dunkerley, 135 Vt. 260, 263, 376 A.2d 43, 46 (1977) ("Vermont law relating to former jeopardy has, through the operation of the Fourteenth Amendment, become the law of the Double Jeopardy Clause of the Fifth Amendment.").  The court issued an initial sentence on July 7, 2017, and then issued a corrected sentence on November 1, 2017.  Defendant reasons that the court issued the corrected sentence after the ninety-day limit allowed for modifying a sentence, and the first sentence was never withdrawn, so the two orders constitute separate sentences.  See V.R.Cr.P. 35(b) (permitting court to reduce sentence within ninety days of imposing sentence).

¶ 15.    Defendant is incorrect.  The November 2017 sentencing order corrected the initial July 2017 sentence; there is only one corrected sentence, not two, and there is no violation of the Double Jeopardy Clause.  Further, defendant is incorrect that the sentence correction was untimely.  The ninety-day rule defendant references applies to a reduction of sentence pursuant to Vermont

6

Rule of Criminal Procedure 35(b). V.R.Cr.P. 35(b) ("The court . . . may reduce a sentence within 90 days after the sentence is imposed . . . ."). But here the court corrected an illegal sentence pursuant to Rule 35(a), which the court may do at any time. V.R.Cr.P. 35(a) ("The court may correct an illegal sentence at any time . . . ."). The State filed its motion to correct the sentence within seven days of when the initial sentence was imposed, as instructed by Rule 35(c).

## VIII. Sentence Correction

¶ 16. Finally, defendant argues that we should vacate his sentence because he was not present when the trial judge issued the corrected sentencing order. Defendant states that the appropriate standard of review is plain error because he did not preserve the objection below. State v. Yoh, 2006 VT 49A, ¶ 36, 180 Vt. 317, 910 A.2d 853 ("When an issue has been forfeited through a party's failure to raise it below or brief it on appeal, we may consider it only under the rubric of plain error."). We need not decide whether plain-error review is appropriate under these facts because we conclude there was no error under any standard. See id. ¶ 39 (stating we will not reverse under plain-error review unless court committed error that was obvious and "affect[ed] substantial rights and result[ed] in prejudice to the defendant").

¶ 17. A criminal defendant has a right to be present at every critical stage of the defendant's criminal proceeding. State v. Grace, 2016 VT 113, ¶ 12, 204 Vt. 68, 165 A.3d 122. This right is derived from the Confrontation Clause of the Sixth Amendment: "One of the most basic of the rights guaranteed by the Confrontation Clause is the accused's right to be present in the courtroom at every stage of his trial." Illinois v. Allen, 397 U.S. 337, 338 (1970) (stating that the Sixth Amendment applies to states through Fourteenth Amendment). It is also guaranteed by the Due Process Clause of the Fourteenth Amendment: "[E]ven in situations where the defendant is not actually confronting witnesses or evidence against him, he has a due process right to be present in his own person whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge." Kentucky v. Stincer, 482 U.S. 730, 745

7

(1987) (quotation omitted); see also <u>Lewis v. United States</u>, 146 U.S. 370, 372 (1892) ("A leading principle that pervades the entire law of criminal procedure is that, after indictment [is] found, nothing shall be done in the absence of the prisoner.").

¶ 18.   The defendant's constitutional right to be present applies to the imposition of sentence.   <u>Mooney v. United States</u>, 938 A.2d 710, 715 (D.C. 2007) (stating defendant's constitutional " 'right to be present at any stage of the criminal proceeding that is critical to its outcome' " includes "the right to be present upon the imposition of sentence" (quoting <u>Stincer</u>, 482 U.S. at 745)); <u>United States v. Huff</u>, 512 F.2d 66, 71 (5th Cir. 1975) ("The sentencing is, of course, a critical stage of the proceedings against the accused, at which he is constitutionally entitled to be present and represented by counsel.").  Vermont Rule of Criminal Procedure 43(a) codifies this right: "The defendant shall be present at the arraignment, at any subsequent time at which a plea is offered, at every stage of the trial . . . , and at the imposition of sentence . . . ."

¶ 19.   The question in this case is whether the defendant has a right to be present when the court issues an order that corrects an illegal sentence.  The State urges us to decide this issue based on Vermont Rules of Criminal Procedure 35 and 47, which permit the court to dispose of a motion to correct an illegal sentence without a hearing.

¶ 20.   We decline to follow this approach.  We find helpful <u>Mooney v. United States</u>, in which the District of Columbia Court of Appeals reviewed a resentencing order following a remand from the appeals court.  938 A.2d 710.  According to the court's procedural rules, the defendant's presence was not required when correcting an illegal sentence.  <u>Id</u>. at 720; D.C. Super. Ct. R. Crim. P. 35, 43(b)(4).<sup>*</sup>  However, the appeals court refused to base its decision on the

---

<sup>*</sup>   District of Columbia Court Rule of Criminal Procedure 43(b)(4) states, "A defendant need not be present [when] . . . [t]he proceeding involves the correction or reduction of sentence under Rule 35."  At the time of the <u>Mooney</u> court, this language was located in Rule 43(c)(4). <u>Mooney</u>, 938 A.2d at 713 n.3.

procedural rule; rather, the court emphasized that the defendant had a constitutional right to be present if he could "contribute to the fairness of the proceeding." Id. at 720-21. We agree with this court's reasoning. Given the breadth and importance of a defendant's right to be present throughout the criminal proceedings, we are reluctant to hold that a defendant never has the right to be present in any action governed by Vermont Rule 35. Instead, in the context of a Rule 35 motion, we consider whether defendant's absence affected the fairness of the sentence correction.

¶ 21. In general, when a defendant's "presence would be useless, or the benefit but a shadow," the defendant's right to be present does not arise. Stincer, 482 U.S. at 745 (quotation omitted). For example, in Stincer, the U.S. Supreme Court held that the defendant had no right to be present at a hearing to determine whether two child witnesses were competent to testify because there was "no indication that his presence . . . would have been useful in ensuring a more reliable determination" regarding their competency. Id. at 747. Similarly, Vermont Rule of Criminal Procedure 43(c)(3) provides that the "defendant's presence is not required at a conference or argument upon a question of law." See also Grace, 2016 VT 113, ¶ 14 (describing case where defendant's presence was not required because "the only issue was one of law and the outcome could not have been affected by defendant's absence"). In contrast, a defendant does have the right to be present at an evidentiary suppression hearing where the court makes factual findings based on evidence presented at the hearing; in that situation, "evidence is adduced that relates to disputed factual issues critical to the outcome of the case, and the defendant's absence would undermine its fairness and accuracy." Id. ¶ 12.

¶ 22. At an initial sentencing, a defendant's presence is necessary to the fairness of the process. United States v. Jackson, 923 F.2d 1494, 1497 (11th Cir. 1991). A defendant is entitled to have the opportunity to "challenge the accuracy of information" at sentencing and "argue about its reliability and the weight the information should be given" and to "present any evidence in mitigation he may have." Id. A defendant's presence may likewise be necessary in some

resentencing situations. Id. For example, "where the resentencing involves more than a mere correction and a defendant's argument may influence the outcome, the defendant should be allowed an opportunity to appear before the court and defend against the amendment." State v. Milligan, 2012 UT App 47, ¶ 14, 287 P.3d 1. In contrast, "where an illegal sentence may be corrected without any legal analysis or further exercise of judicial discretion, and the defendant has already been afforded an opportunity to appear and defend in the original sentencing hearing, little if any purpose is served" by requiring an additional hearing before correcting the sentence. Id.

¶ 23. Applying this principle, the District of Columbia Court of Appeals concluded in Mooney that the defendant had no right to be present at resentencing because the trial judge was applying specific instructions of the appellate court on remand and "had no discretion to sentence [defendant] other than as he did." 938 A.2d at 724. Similarly, the Utah appeals court reasoned in Milligan, "Because modification of the length of [the defendant's] sentence was mandatory by statute and the minimum mandatory sentence was a given, nothing [the defendant] could have said if given the opportunity to appear and defend could have altered that aspect of the sentence." 2012 UT App 47, ¶ 16. Therefore, the court held the defendant had no right to be present when the court corrected his sentence by imposing the statutory mandatory minimum. Id. The Milligan court held that the defendant did have the right to be present, however, when the court reimposed consecutive sentences because this was a "discretionary issue." Id. ¶ 17. Contra Dunbar v. State, 89 So. 3d 901, 907 (Fla. 2012) (holding that defendant had due process right to be present when court corrected sentence by adding statutory mandatory minimum term of imprisonment even though court had no discretion in correcting sentence).

¶ 24. Here the trial court held an initial sentencing hearing, at which defendant and his counsel were present. The court imposed a sentence of fifteen to twenty-five years; but because the Legislature required a maximum life sentence for a conviction under § 3253(a)(8), this was an

10

illegal sentence. 13 V.S.A. § 3271(b). After the State filed a motion to correct the sentence, the trial court held a motion hearing, at which defendant and his counsel were again present. Following the hearing, after considering the arguments and the law, the court issued an order outside of defendant's presence to correct his sentence, which brought it into compliance with the statutorily required maximum sentence. Because defendant was present at the initial sentencing, the trial court reimposed the same minimum sentence, and the trial court had no discretion in correcting the maximum sentence, defendant had no right to be present when the court imposed the corrected sentence. Defendant had no right to be present in a post-trial proceeding where his absence could not "thwart[]" a "fair and just hearing." Stincer, 482 U.S. at 745; see also Caille v. United States, 487 F.2d 614, 616 (5th Cir. 1973) ("The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner."). The court committed no error.

Affirmed.

FOR THE COURT:

_____

Chief Justice

11